(879 P.2d 1141)
No. 70,503

STATE OF KANSAS, *Appellee*, v. GARDNER L. JONES III, *Appellant*.

Opinion filed August 26, 1994.

*Socheata Un*, of Duncan, Senecal, Bednar, and Asher, Chtd., of Leavenworth, for the appellant.

*Frank E. Kohl*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., GERNON, J., and RICHARD A. MEDLEY, District Judge, assigned.

BRISCOE, C.J.: Gardner L. Jones III appeals his conviction of driving while under the influence (K.S.A. 8-1567).

Jones raises two issues on appeal: (1) Whether the district court abused its discretion by denying his request for a jury trial; and

(2) whether the district court erred in denying his motion for the setting of an appeal bond.

On April 11, 1994, the district court set an appeal bond and Jones was released on bond that same day. Jones' contentions challenging the court's failure to set an appeal bond are now moot.

We next address whether the court abused its discretion in denying Jones' request for a jury trial. On May 15, 1993, Jones was arrested in Leavenworth County for driving while under the influence of alcohol. He pled nolo contendere to that charge and was found guilty. On May 16, 1993, Jones was again arrested in Leavenworth County for driving while under the influence of alcohol. Jones states that he was apprised of his trial date on June 30, 1993, and the appearance docket supports this statement. The appearance docket indicates Jones moved for a jury trial on July 7, 1993, but Jones and the State assert on appeal that he did not move for a jury trial until July 14, which was the date of hearing on the motion. There is no evidence of the court's ruling on this motion in the record, but the parties state the court denied Jones a jury trial because he did not comply with K.S.A. 1992 Supp. 22-3404(1), which states:

"The trial of misdemeanor and traffic offense cases shall be to the court unless a jury trial is requested in writing by the defendant not later than seven days after first notice of trial assignment is given to the defendant or such defendant's counsel. The time requirement provided in this subsection regarding when a jury trial shall be requested may be waived in the discretion of the court upon a finding that imposing such time requirement would cause undue hardship or prejudice to the defendant."

Jones argues that, although his request was late, the court abused its discretion by denying his request for a jury trial. Despite the parties' assertions, the record indicates that Jones' motion for a jury trial was actually timely and his request for a jury trial should not have been denied as untimely.

Jones also argues he was denied his constitutional right to a jury trial. The possibility of being convicted of the second DUI charge subjected Jones to a maximum sentence of one year in prison. K.S.A. 8-1567(e). A defendant's constitutional right to a jury trial is invoked whenever he or she is subjected to a possible penalty that exceeds

six months' imprisonment. *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975).

In *Irving*, the defendant was charged with a misdemeanor that was punishable by imprisonment in the county jail for a period not to exceed one year. His pretrial motion for a trial by jury was denied on the basis he had not complied with the 48-hour requirement of the version of 22-3404 then in effect. The Supreme Court reversed the district court's denial of defendant's request for a jury trial and noted:

"The right of a criminal defendant to be tried by a jury of his peers, rather than by the court alone, is 'fundamental to the American scheme of justice.' (*Duncan v. Louisiana*, 391 U.S. 145, 20 L.Ed. 2d 491, 88 S. Ct. 1444.) In *Duncan*, the court held that the Sixth Amendment, as applied to the states through the Fourteenth, requires that defendants accused of serious crimes be afforded the right to trial by jury, and the right was said to be applicable to any offense where imprisonment for more than six months is authorized." 216 Kan. at 589.

The court then stated that, in order to waive the right to a jury trial, "the defendant must first be advised by the court of his right to a jury trial, and he must personally waive this right in writing or in open court for the record." 216 Kan. at 590. As the record contained no waiver of the right to a jury trial, the Supreme Court reversed defendant's conviction and remanded the case with directions to grant defendant a new trial.

We conclude, as did the court in *Irving*, that a defendant has a constitutional right to be tried by a jury of his or her peers where the offense charged is punishable by imprisonment for more than six months. Where the potential imprisonment for the offense charged exceeds six months, a defendant standing trial for a misdemeanor or a traffic offense has a right to a jury trial, regardless of whether it is requested within seven days after notification of a trial setting. In order to waive the right to a jury trial under these circumstances, defendant must first be advised by the court of his or her right to a jury trial, and defendant must personally waive that right in writing or in open court.

In the present case, the record does not evidence Jones' waiver of his right to a jury trial. Jones is therefore entitled to a new trial where he can be afforded that right.

Jones' conviction of driving while under the influence is reversed, and this case is remanded with directions to vacate the conviction and to grant Jones a new trial.