No. 71,875

STATE OF KANSAS, *Appellee*, v. MICHAEL J. BELL, *Appellant*.

(899 P.2d 1000)

Opinion filed July 14, 1995.

*John Frydman*, of Lawrence, argued the cause and was on the briefs for appellant.

*Gayle B. Larkin*, assistant district attorney, argued the cause, and *Mark A. Knight*, district attorney, *Frank D. Diehl*, assistant district attorney, and *Carla J. Stovall*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Michael J. Bell appeals his convictions of attempted criminal trespass, a class C misdemeanor, and stalking, a class B misdemeanor. He was sentenced to three months' incarceration for the stalking conviction and one month's incarceration for the attempted criminal trespass conviction, with the terms to run consecutively. The Court of Appeals reversed and remanded for jury trial on the ground that where potential imprisonment exceeds six months, the right to jury trial can be waived only by defendant personally after he or she has been advised of the right. *State v. Bell*, 20 Kan. App. 2d 193, 884 P.2d 1164 (1994). This court granted the State's petition for review.

The facts are set out in the opinion of the Court of Appeals and are undisputed. Defendant was charged with one count of attempted criminal trespass, in violation of K.S.A. 1993 Supp. 21-3301 and K.S.A. 1993 Supp. 21-3721(a)(1)(B), and one count of

stalking, in violation of K.S.A. 1993 Supp. 21-3438. At arraignment in December 1993, he pled not guilty.

On February 22, 1994, defendant's case was transferred to another division of the district court for trial setting. On March 11, 1994, the case was set for trial to begin on April 11. Also on March 11, defendant filed a written request for a jury trial. The district court concluded that the request was not timely and denied the request. On April 11, defendant was tried by the district court judge and found guilty on both counts.

On April 15, defendant filed a notice of appeal. On May 5, he was sentenced to jail custody for three months on the stalking conviction and for a consecutive period of one month on the attempted criminal trespass conviction. "The defendant has apparently served the sentence." 20 Kan. App. 2d at 194.

The single issue raised by defendant in the Court of Appeals was whether his request for jury trial was timely under K.S.A. 1993 Supp. 22-3404. The statute provides in pertinent part: "(1) The trial of misdemeanor and traffic offense cases shall be to the court unless a jury trial is requested in writing by the defendant not later than seven days after first notice of trial assignment is given to the defendant or such defendant's counsel." The Court of Appeals stated:

"The trial court found that he received 'first notice of trial assignment' on February 22, 1994, the day the case was transferred to Division I. According to the trial court's interpretation, March 3, 1994, was the last day that a timely request could be made. Therefore, the defendant's request for a jury trial on March 11, 1994, was untimely." 20 Kan. App. 2d at 196.

The Court of Appeals agreed with the reasoning of the trial court, as far as it went. The Court of Appeals' opinion then took the following turn:

"While we find the court was correct in its analysis of the 'trial assignment' language, we see another facial error of constitutional proportions in the denial of a jury trial.

"Under *State v. Irving*, 216 Kan. 588, 533 P.2d 1225 (1975), and a recent Court of Appeals decision relying on *Irving*, *State v. Jones*, 19 Kan. App. 2d 982, 879 P.2d 1141 (1994), a defendant charged with a misdemeanor or traffic offense, where the potential imprisonment exceeds six months, has a right to a jury trial, regardless of whether it is requested within seven days after notification of a trial

assignment. In order to waive the right to a jury trial under these circumstances, the defendant must first be advised by the court of his or her right to a jury trial, and the defendant must personally waive that right in writing or in open court.

"We are aware that trial judges at arraignment or other appropriate times will sometimes inform the defendant that a sentence of greater than six months will *not* be given if the defendant is found guilty of a misdemeanor. This removes the potential of a sentence greater than six months. The record before us does not reflect this was done. If the record is otherwise, it might affect this decision. However, based on the record before us, the defendant faced a potential sentence of six months on the stalking count and an additional month on the attempted criminal trespass count. Under these facts, even though the eventual sentence was less than six months, he was entitled to the protections of *Irving*. Since he did not receive them, we must reverse and remand for jury trial." 20 Kan. App. 2d at 201-02.

The State's petition for review of the decision of the Court of Appeals focused exclusively on the constitutional right to trial by jury, as do the supplemental briefs filed by defendant and the State in this court. Supreme Court Rule 8.03(g)(1) (1994 Kan. Ct. R. Annot. 47) provides in pertinent part:

"[T]he issues before the Supreme Court include all issues properly before the Court of Appeals that the petition for review or cross-petition allege were decided erroneously by the Court of Appeals. In civil cases, the Supreme Court may, but need not, consider other issues that were presented to the Court of Appeals and that the parties have preserved for review."

Defendant neither responded to the State's single-issue petition for review nor filed a cross-petition and did not raise the statutory interpretation issue in his supplemental brief; therefore, it is considered abandoned. For that reason, the Court of Appeals' rationale and finding with regard to the statutory interpretation is not disputed and is controlling in the appeal.

The single issue raised by the State in its petition for review is whether a defendant charged with two misdemeanors which carry aggregated penalties potentially exceeding six months' imprisonment is entitled to a trial by jury. The Court of Appeals based its decision on *State v. Irving*, 216 Kan. 588, 533 P.2d 1225 (1975), and *State v. Jones*, 19 Kan. App. 2d 982, 879 P.2d 1141 (1994), both of which involved a single offense which carried a potential penalty exceeding six months' imprisonment. The Court of Appeals

simply assumed the answer to the basic question whether penalties for multiple petty offenses should be aggregated for the purpose of determining the right to a jury trial. The parties' supplemental briefs are directed solely to this issue.

The question we must first answer is whether the Court of Appeals erred in considering this issue *sua sponte*. In *State v. Puckett*, 230 Kan. 596, 640 P.2d 1198 (1982), we noted that the question had previously been before this court on several occasions. We concluded:

"[A]lthough *ordinarily* an appellate court will not consider an issue which has not been raised in the trial court or which has not been raised by the parties on appeal, the court does have the power to do so in exceptional circumstances, where consideration of the new issue is necessary to serve the ends of justice or to prevent a denial of fundamental rights." 230 Kan. at 600-01.

We further noted that in *Pierce v. Board of County Commissioners*, 200 Kan. 74, Syl. ¶ 3, 434 P.2d 858 (1967), this court recognized the following three exceptions to the general rule:

"(1) Cases where the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case;

"(2) Questions raised for the first time on appeal if consideration of the same is necessary to serve the ends of justice or to prevent denial of fundamental rights; and

"(3) That a judgment of a trial court may be upheld on appeal even though that court may have relied on the wrong ground or assigned a wrong reason for its decision." *Puckett*, 230 Kan. at 598-99.

We further cautioned that

"[i]n future cases, where an appellate court raises a new issue *sua sponte*, counsel for all parties should be afforded a fair opportunity to brief the new issue and to present their positions to the appellate court before the issue is finally determined. This may be done either by requiring the filing of supplemental briefs or by setting the case down for reargument by the appellate court. Such a procedure would have been appropriate in the present case so that the correctness of the instructions covering the elements on the fraud counts could have been briefed and argued by counsel. We note, however, that in the instant case counsel for the State does not claim that the Court of Appeals was wrong in suggesting that the instructions be modified on retrial of the case. This court has no quarrel with the holding of the Court of Appeals that instructions covering a criminal charge of fraud should advise the jury that a false representation must be of a *material* fact in order to convict." 230 Kan. at 601.

As previously noted, neither party in the present case raised the issue in the trial court or in the Court of Appeals. Obviously, the State takes issue with the Court of Appeals' holding that defendant is entitled to a jury trial. We also note that the entire discussion of the issue by the Court of Appeals is contained in the last two paragraphs of the 14-page opinion. The parties were not given the opportunity to brief the issue or "present their positions" to the Court of Appeals.

In *Johnson v. Kansas Neurological Institute*, 240 Kan. 123, 126, 727 P.2d 912 (1986), we restated the general rule that ordinarily an appellate court will not consider on appeal an issue not raised in the trial court. We noted the rule limits the appellate court from considering issues *sua sponte* and noted the three exceptions. We concluded that the Court of Appeals had erred in determining an issue *sua sponte*, but since we granted the petition for review and the parties had filed supplemental briefs and argued the issue in this court, we had authority to consider the issue.

Here, the Court of Appeals relied on *Irving*, 216 Kan. 588, and *Jones*, 19 Kan. App. 2d 982, in holding that defendant had a constitutional right to a jury trial. In both of these cases, the defendant was charged with a single offense and not multiple offenses. The question of whether a potential aggregate sentence exceeding six months requires a jury trial was not an issue in either case. Clearly, the cases are not controlling in the present case. More significantly, the Court of Appeals did not mention or discuss the numerous relevant federal and state cases which were cited by the parties in their supplemental briefs. These cases do not reach similar conclusions but are consistent in holding that the multiple petty offenses must arise from the same act before the aggregated sentence becomes relevant in defending a defendant's right to a jury trial. In *United States v. Potvin*, 481 F.2d 380, 381 (10th Cir. 1973), the Tenth Circuit Court of Appeals agreed with defendant's contention that "a person charged with two or more petty offenses arising out of the same act, transaction, or occurrence, is entitled to a trial by jury when the potential aggregate penalty on all counts is in excess of six months imprisonment." See *U.S. v. Coppins*, 953 F.2d 86

(4th Cir. 1991); *Haar v. Hanrahan*, 708 F.2d 1547 (10th Cir. 1983); *State v. Sanchez*, 109 N.M. 428, 786 P.2d 42 (1990).

In the present case, defendant was charged with committing a criminal trespass on October 5, 1993, and with stalking between October 21, 1993, and November 1, 1993. Defendant was charged and convicted of two separate petty offenses, neither of which carried a possible sentence of six months or more. Since the two offenses did not arise out of the same act or occurrence, defendant cannot aggregate the maximum sentence simply because they are charged in the same complaint. For that reason, defendant's constitutional right to a jury trial was not at issue before the Court of Appeals, and its consideration was not necessary to serve the interests of justice or to prevent a denial of fundamental rights. Thus, the issue was not properly before the Court of Appeals, and the court erred in considering the issue and in reversing and remanding for a jury trial.

The judgment of the Court of Appeals is affirmed in part and reversed in part. The judgment of the district court is affirmed.