No. 75,599

STATE OF KANSAS, *Appellee*, v. JOYCE MINCEY, *Appellant*.
(963 P.2d 403)

Opinion filed June 5, 1998.

*Steven R. Zinn,* deputy appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Eric K. Rucker,* Dickinson County Attorney, argued the cause, and *Allen B. Angst,* Assistant Dickinson County Attorney, *Jim Pringle,* Cowley County Attorney, and *Carla J. Stovall,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant Joyce Mincey was convicted of aiding and abetting attempted first-degree murder, conspiracy to commit first-degree murder, aiding and abetting aggravated robbery, and conspiracy to commit aggravated robbery. Defendant appealed. The Court of Appeals affirmed all convictions. We granted review pursuant to K.S.A. 20-3018(b).

On October 29, 1994, Mincey's son, Lewis Mincey, and Everett Hayes, who lived with defendant, entered J.F.'s home under the pretext that their car was broken down and they needed to call home to obtain a ride. Hayes raped J.F.; Lewis cut her throat. The two took money from her purse and left her for dead. Their attempt to kill J.F. was unsuccessful.

The other relevant facts are:

(1) The defendant knew substantially in advance of the crimes that Lewis and Everett were going to rob someone.
(2) Mincey counseled and advised Lewis and Everett to kill their victim if they thought they might be identified and arrested.
(3) Mincey loaned Lewis and Everett her van so that Lewis and Everett could commit the robbery.

Mincey was charged with aiding and abetting attempted first-degree murder, conspiracy to commit first-degree murder, aiding and abetting aggravated robbery, and conspiracy to commit aggravated robbery. Prior to trial, Mincey attacked the charging instrument by attempting to compel the State to elect between counts one and two and counts three and four of the information because

the acts charged were multiplicitous. The district judge denied the motion.

Mincey was convicted of all four charges. She appealed, claiming (1) the convictions for conspiracy to commit first-degree murder and aggravated robbery are multiplicitous with her convictions of aiding and abetting attempted first-degree murder and aggravated robbery; (2) she could not be convicted of two separate conspiracies arising out of one agreement to commit two offenses; (3) the evidence was insufficient to support a finding of the requisite intent to commit aiding and abetting of attempted first-degree murder and conspiracy to commit first-degree murder; and (4) the trial court erred in submitting to the jury a written instruction that differed from the instruction read to the jury.

The Court of Appeals affirmed all convictions. Mincey sought review of issues 1, 2, and 3, which we granted. Other relevant facts will be discussed as necessary.

Mincey argues that because the facts necessary to prove aiding and abetting also necessarily prove the conspiracy charge, the aiding and abetting charges are multiplicitous with the conspiracy charges. Citing *State v. Mason*, 250 Kan. 393, Syl. ¶ 3, 827 P.2d 748 (1992), the State asserts that multiplicity does not depend on whether the facts proved at trial are actually used to support the conviction of both offenses; rather, multiplicity turns on whether the necessary elements of proof of the one crime are included in the other. The State points out that the charge of conspiracy to commit first-degree murder requires an agreement to commit a crime and an overt act in furtherance of the agreement, while aiding and abetting attempted first-degree murder requires actual participation in an overt act toward the perpetration of the crime. Thus, the State contends, under the traditional test of multiplicity, these two offenses are not multiplicitous.

## MULTIPLE CHARGES AND PUNISHMENT FOR THE SAME OFFENSE

Were the charges alleged in the complaint and Mincey's convictions for conspiracy to commit first-degree murder and conspiracy to commit aggravated robbery multiplicitous with her convictions

for aiding and abetting attempted first-degree murder and aiding and abetting aggravated robbery? The question of whether convictions are multiplicitous is a question of law over which this court's review is unlimited. See *State v. Perry*, 16 Kan. App. 2d 150, 151, 823 P.2d 804 (1991).

The parties argue that the law regarding multiplicity has become confused by this court's decisions in *State v. Webber*, 260 Kan. 263, 918 P.2d 609 (1996); *State v. Warren*, 252 Kan. 169, 843 P.2d 224 (1992); *State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988); and *State v. Hobson*, 234 Kan. 133, 671 P.2d 1365 (1983). To point out why there is confusion requires an analysis of K.S.A. 21-3107 and a short discussion of these cases.

Prior to the enactment of the Kansas Criminal Code, K.S.A. 21-3101 *et seq.*, and the Code of Criminal Procedure, K.S.A. 22-2101 *et seq.*, the method for determining if there were multiple prosecutions and punishment for the same offense was the Double Jeopardy Clause of the United States Constitution, which protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977). The language of § 10 of the Kansas Constitution Bill of Rights is very similar to the language contained in the Fifth Amendment to the United States Constitution. Both provide in effect that no person shall be twice placed in jeopardy for the same offense. The language of the Fifth Amendment guarantees no greater protection to an accused than does § 10 of the Kansas Bill of Rights. Therefore, the three underlying protections contained in the Double Jeopardy Clause of the United States Constitution are contained in § 10 of the Kansas Bill of Rights.

In order to implement, codify, and define the constitutional guarantees of the Double Jeopardy Clause, the Kansas Legislature enacted two statutes: (1) K.S.A. 21-3107, multiple prosecutions for the same act, and (2) K.S.A. 21-3108, effect of former prosecution. K.S.A. 21-3107 defines the right of the prosecution to charge more than one offense based on the same act and to convict of an included offense not specifically charged. It formulates the limita-

tions upon unfair multiple prosecutions and punishment. K.S.A. 21-3108, which covers the complex problems of former jeopardy, is not applicable to this case.

Part of the confusion arises because K.S.A. 21-3107 is a complex statute that allows for multiple prosecutions for the same act; prohibits conviction and punishment of the crime charged and an included crime; and, in addition, requires the judge to instruct the jury on the crime charged and all lesser crimes of which the accused could be found guilty. It states in part:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

(a) A lesser degree of the same crime;

(b) an attempt to commit the crime charged;

(c) an attempt to commit a lesser degree of the crime charged; or

(d) a crime necessarily proved if the crime charged were proved.

"(3) In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced. If the defendant objects to the giving of the instructions, the defendant shall be considered to have waived objection to any error in the failure to give them, and the failure shall not be a basis for reversal of the case on appeal."

The parties and courts have added to the confusion by failing to recognize that in some instances *Fike, Warren, Webber*, and *Hobson* raise questions that required application of different sections of the statute. The discussions and analysis of these and other cases is further confused by use of the terms "duplicity" and "multiplicity," which refer to defects in the charging document, *i.e.*, the complaint or information.

"Duplicity" in a criminal pleading is the joining of two or more distinct and separate offenses in a single count in a complaint or information. "Multiplicity" in a criminal pleading is the charging of a single offense in several counts of a complaint or information. The fact that an accused is charged with multiple crimes in a com-

plaint or information is not in and of itself a violation of the Double Jeopardy Clause. The clause merely prevents a defendant from being punished more than once for the same crime. *State v. Freeman*, 236 Kan. 274, Syl. ¶¶ 4, 5, 689 P.2d 885 (1984).

## CHARGING INSTRUMENT

Unless otherwise provided by law, a prosecution shall be commenced by filing a complaint with a magistrate. K.S.A. 22-2301. The complaint shall be a plain and concise written statement of the essential facts *constituting the crime charged.* K.S.A. 22-3201(b). *Two or more crimes may be charged* against a defendant *in the same complaint,* information, or indictment *in a separate count for each crime* if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. K.S.A. 22-3202(1).

The purpose of a complaint or information is to inform the accused of the particular offense or offenses with which the defendant is charged and which the defendant must defend against at time of trial. K.S.A. 21-3107(1) states which crimes may be alleged in a complaint or information by the State and how the offenses must be alleged in the charging instrument. K.S.A. 21-3107(2) requires that upon prosecution, the accused may be convicted of either a crime charged in a complaint or information or an included crime, but not both.

K.S.A. 21-3107 provides statutory authority where the criminal conduct of a defendant, although consisting of a single transaction, may result in a multiple violation of the criminal code, for which the defendant may be severally prosecuted. *State v. Pencek,* 224 Kan. 725, Syl. ¶ 2, 585 P.2d 1052 (1978). The prosecution may not split a single offense into separate parts where there is a single wrongful act which does not furnish the basis for more than one criminal prosecution. The test concerning whether a single transaction may constitute two separate and distinct offenses is whether the same evidence is required to sustain each charge. If not, the fact that both charges relate to and grow out of the same transac-

tion does not create a single offense where two distinct offenses are defined by statute. *State v. Chears*, 231 Kan. 161, Syl. ¶ 2, 643 P.2d 154 (1982).

Though for different purposes, the same test is used in determining whether offenses charged in a complaint or information constitute lesser included offenses and multiple charges under 21-3107 or in determining whether a prosecution is barred by a former prosecution for a crime arising out of the same conduct under 21-3108. *State v. Mourning*, 233 Kan. 678, Syl. ¶ 1, 664 P.2d 857 (1983).

Mincey was charged and convicted of: (1) aiding and abetting attempted first-degree murder; (2) conspiracy to commit first-degree murder; (3) aiding and abetting aggravated robbery; and (4) conspiracy to commit aggravated robbery. The fact that an accused is charged with and convicted of multiple crimes is not in and of itself a violation of the Double Jeopardy Clause. The clause merely prevents a defendant from being convicted and *punished* more than once for the same crime.

In *State v. Webber*, 260 Kan. 263, 918 P.2d 609 (1996), Webber was also charged with and convicted of both conspiracy to commit murder and aiding and abetting murder. The defendant appealed, claiming the charges were multiplicitous. Referring to K.S.A. 21-3107 the *Webber* court rejected defendant's argument that the same facts were used to prove both conspiracy and aiding and abetting. It pointed out that multiplicity does not depend upon whether the facts proved at trial are actually used to support conviction of both offenses charged; rather, it turns upon whether the necessary elements of proof of the one crime are included in the other. 260 Kan. at 283 (quoting *State v. Hobson*, 234 Kan. 133, Syl. ¶ 3, 671 P.2d 1365 [1983]). Citing *Hobson*, the *Webber* court concluded that conspiracy and aiding and abetting are not multiple prosecutions because each crime charged requires proof of a separate element.

*Hobson* is also factually similar to this case. Hobson was charged with and convicted of conspiracy to commit murder and with aiding and abetting first-degree murder. Hobson appealed, claiming the charges were duplicitous (multiple prosecutions). Although the

parties raised the issue as a question of duplicity, the question was whether the charges and convictions were multiple charges and convictions. In determining whether Hobson's convictions were multiple, the *Hobson* court first stated that the test is whether each of the offenses charged requires proof of an additional element of the crime which the other does not; if an additional fact is required, the offenses are not duplicitous (multiple). 234 Kan. at 137 (citing *Jarrell v. State*, 212 Kan. 171, 175, 510 P.2d 127 [1973]).

Mincey acknowledges that her aiding and abetting and conspiracy convictions stand under the *Hobson* and *Webber* tests, but argues the test to determine if convictions are multiple was expanded in *State v. Fike*, 243 Kan. 365, and *State v. Warren*, 252 Kan. 169. Under the expanded test, Mincey argues that the charges are multiple. The State argues, however, that under either test, Mincey's conviction for each crime is correct.

Initially, it is important to note that the issue in *Fike* was not whether criminal charges were multiple, but whether the trial court failed to instruct on lesser included offenses as required by K.S.A. 21-3107. Because the *Warren* court discussed the similarities between the concepts of multiple convictions and lesser included offenses, the Court of Appeals and Mincey mistakenly assumed that *Fike* had expanded the traditional element test to determine if convictions are multiple punishments for the offenses.

In *Warren*, the defendant and two coconspirators agreed that Warren would drop the accomplices off at the mall, where they would steal a purse. Warren would drive the getaway car. Warren's accomplices stole a woman's purse and in the process knocked her to the ground. The 87-year-old woman was severely injured when knocked to the ground. Defendant was convicted of aiding and abetting aggravated robbery, aiding and abetting aggravated battery, and conspiracy to commit robbery.

Warren argued that the crimes of aiding and abetting to commit aggravated robbery and aggravated battery were multiple convictions. To support his argument, Warren relied upon two Court of Appeals decisions in which the terms "multiplicity" and "lesser included offense" were used interchangeably. The Court of Appeals applied the *Fike* test for lesser included offenses.

Determining that the similarity between the two areas was confusing, the *Warren* court analyzed the history of multiple convictions and lesser included offenses. Following *State v. Garnes,* 229 Kan. 368, 373, 624 P.2d 448 (1981), the *Warren* court noted that (1) a single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the basis for more than one criminal prosecution; (2) if each offense charged requires proof of a fact not required in proving the other, the offenses do not merge; (3) where offenses are committed separately and severally, at different times and at different places, they do not arise out of a single wrongful act. 252 Kan. at 175.

K.S.A. 21-3107 prohibits multiple charges of the same crime in the complaint. It also requires the trial court to instruct the jury not only as to the crime charged, but also as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced and prohibits multiple convictions. Thus, it is not surprising that there is confusion regarding the law of multiple charges and multiple convictions. Mincey challenged the charging instrument, her convictions, and their constitutionality.

Therefore, applying the tests discussed to the facts of this case, we are able to quickly determine the crimes of aiding and abetting and conspiracy do not have the same elements.

K.S.A. 21-3205 provides:

"(1) A person is criminally responsible for a crime committed by another if such person intentionally aids, abets, advises, hires, counsels or procures the other to commit the crime."

K.S.A. 21-3302 provides, in relevant part:

"(a) A conspiracy is an agreement with another person to commit a crime or to assist in committing a crime. No person may be convicted of a conspiracy unless an overt act in furtherance of such conspiracy is alleged and proved to have been committed by such person or by a coconspirator."

Having found that the crimes of aiding and abetting and conspiracy do not have the same elements, we next must determine whether the same act was used to prove both crimes.

Mincey agreed to rob someone, discussed killing the victim if necessary to avoid getting caught, and helped her coconspirators plan the crime. In short, there is no doubt that she entered into the agreement necessary to be guilty of violating K.S.A. 21-3302. However, she is not guilty of conspiracy unless she or one of her coconspirators committed an overt act in furtherance of the conspiracy. Her coconspirators committed many acts in carrying out the crimes. These facts are sufficient to convict Mincey of conspiracy.

To be convicted of aiding and abetting, Mincey must have facilitated the crime. Had Mincey only assisted in planning the crime, she could argue that the convictions were multiple because the same act, planning and encouraging, would be used for charging two separate crimes. Here, Mincey actually aided in the crime. She gave van keys to her coconspirators, who went to the victim's house; gained access by tricking the victim; and raped, robbed, and stabbed the victim. These acts of the coconspirators were not necessary to Mincey's conspiracy conviction.

Conspiracy and aiding and abetting another offense are not multiplicitous. Each offense requires proof of an element not required by the other. Conspiracy requires an agreement to commit a crime, while aiding and abetting requires actual participation in the act constituting the offense. The defendant's acts support the two crimes; therefore, the convictions for aiding and abetting aggravated robbery (actual participation) and conspiracy (an agreement to commit the crime of aggravated robbery) are not multiple.

## CONVICTION OF TWO CONSPIRACIES ARISING FROM A SINGLE AGREEMENT TO COMMIT TWO DISTINCT CRIMES

Whether Mincey can be convicted of two conspiracies based upon a single agreement to commit two distinct crimes under K.S.A. 21-3107 is a question of law over which this court has unlimited review when the issue has been raised in the district court. The issue was not raised in Mincey's motion for a new trial.

An issue not presented to the trial court will not be considered for the first time on appeal. *State v. Ninci*, 262 Kan. 21, Syl. ¶ 8,

936 P.2d 1364 (1997); *State v. Alderson*, 260 Kan. 445, Syl. ¶ 7, 922 P.2d 435 (1996). See K.S.A. 60-404; see also *State v. Boyd*, 257 Kan. 82, 89, 891 P.2d 358 (1995) (timely objection necessary to give the trial court an opportunity to correct alleged trial errors); *State v. McDaniel*, 255 Kan. 756, 765-66, 877 P.2d 961 (1994) (review of case law).

We have recognized three exceptions to the general rule in cases where: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case; (2) questions are raised for the first time on appeal if consideration of the same is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of a trial court may be upheld on appeal although that court may have relied on the wrong ground or assigned a wrong reason for its decision. *State v. Bell*, 258 Kan. 123, 126, 899 P.2d 1000 (1995); see *Pierce v. Board of County Commissioners*, 200 Kan. 74, Syl. ¶ 3, 434 P.2d 858 (1967). Mincey argues that justice requires this court to hear her claim because she is serving consecutive terms for the two conspiracy convictions. Because the defendant's claim involves only a point of law and is determinative of some issues, and the State did not object to review of this issue, we will review the claim.

Relying on *Braverman v. United States*, 317 U.S. 49, 87 L. Ed. 23, 63 S. Ct. 99 (1942), Mincey asserts that the State cannot charge separate crimes of conspiracy where there is one conspiracy to commit several crimes. The State argues *Braverman* does not apply because all of the counts of conspiracy in *Braverman* were based on violation of the same statute within the federal criminal code existing at the time. The State asserts that if the traditional multiplicity analysis is followed, Mincey's two conspiracy convictions stand.

In *Braverman*, defendants were charged with seven counts of conspiracy to violate separate and distinct laws. It was undisputed that there was one agreement to commit several crimes. The *Braverman* Court stated: "The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one." 317 U.S.

at 53. The Court goes on to say: "The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute [the conspiracy statute]." 317 U.S. at 54.

There are no Kansas cases adopting the *Braverman* rule, nor are any Kansas cases cited where this issue arose. Mincey cites numerous cases from other states that have adopted *Braverman*. *Braverman*, like the conspiracy alleged against Mincey, has a single agreement to commit several crimes. Here, Mincey conspired to commit aggravated robbery and, if necessary, premeditated murder. Even though there was the possibility of two crimes occurring, there was only one criminal agreement entered into by the defendants.

Criminal defendants can be held responsible for crimes committed in furtherance of the conspiracy that may not have been authorized by a particular coconspirator but were reasonably foreseeable. A single continuing conspiracy, however diverse its objects, cannot be broken down into component sub-agreements for the purpose of multiple punishments or multiple prosecutions. When separate conspiracies are alleged and both are founded on a general conspiracy statute, the relevant inquiry is whether there existed more than one *agreement* to perform an illegal act or acts.

Mincey's conviction of conspiracy to commit aggravated robbery is reversed.

## SUFFICIENCY OF THE EVIDENCE

Mincey argues that there was insufficient evidence to support a finding beyond a reasonable doubt that she had the requisite intent and premeditation required to support convictions for aiding and abetting attempted first-degree murder and conspiracy to commit first-degree murder. When the sufficiency of the evidence is challenged, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Claiborne*, 262 Kan. 416, Syl. ¶ 5, 940 P.2d 27 (1997); see *State v. Mathenia*, 262 Kan. 890, 901, 942 P.2d 624 (1997).

First, Mincey attempts to draw a distinction between being charged with a crime and being charged as an aider and abettor to a crime. Mincey asserts that if she had been charged with the crime of first-degree murder, perhaps the charges against her would be permissible as a reasonably foreseeable result of aggravated robbery. However, she argues that because she was only charged with aiding and abetting, "whether the state presented sufficient evidence of the requisite specific intent to prove aiding and abetting attempted first-degree murder must be analyzed in the specific context in which that charge was brought." Finally, Mincey argues that "a showing of specific intent is required to establish guilt as an aider and abettor under K.S.A. 21-3205(1)."

The evidence indicates Mincey told her coconspirators to kill the victim of their robbery if necessary to avoid getting caught. In the face of this dispositive statement, Mincey now argues:

"The statement 'kill them if you think you're going to get caught' is insufficient to prove beyond a reasonable doubt that Ms. Mincey had a specific intent to commit a premeditated murder. The statement is qualified; it does not establish the existence of a specific, premeditated intent to kill, but rather that a indication [*sic*] that a killing be resorted to if specific circumstances occurred. A specific intent to kill must be show [*sic*] to establish the offense of attempted first-degree murder.

"Further, Ms. Mincey's statement reveals that several potential victims of the robbery were discussed and that she did not know whether 'Jo' was a man or a woman. Ms. Mincey could not have had a premeditated, specific intent to kill Ms. Ferguson when she was not even aware of whom the intended victim was to be."

A review of the statute and Mincey's statement is sufficient to decide this issue. K.S.A. 21-3205 provides that a person is liable for the crimes of another if that person, "aids, abets, advises, hires, counsels or procures the other to commit the crime." Here, Mincey advised and counselled her coconspirators to kill the victim if necessary to avoid getting caught. Mincey's coconspirators followed her advice and counsel. That the decision to murder was conditional does not make the crime committed any less premeditated. Every premeditated murder is conditioned upon an "alive" victim

at the time of the attempt. Mincey cited no cases to support her novel concept.

Affirmed in part and reversed in part.