NOT DESIGNATED FOR PUBLICATION

No. 113,224

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF NEWTON,
*Appellee*,

v.

PETER WALDSCHMIDT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; RICHARD B. WALKER, judge. Opinion filed January 22, 2016. Dismissed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Christopher Towle*, city attorney, for appellee.

Before STANDRIDGE, P.J., BUSER and SCHROEDER, JJ.

*Per Curiam*: Peter Waldschmidt appeals the district court's order dismissing his case for lack of subject matter jurisdiction. He argues that by dismissing his case, the district court violated his constitutional right to a jury trial.

FACTS

On January 2, 2014, Waldschmidt pled guilty to and was convicted of the following crimes in the municipal court of the City of Newton (the City): (1) driving under the influence (DUI), (2) refusing a chemical test, (3) refusing a preliminary breath

1

test, and (4) violating of an ordinance concerning horns and warning devices. He was sentenced to consecutive jail terms of 90 days each for the DUI and chemical test refusal convictions but was ordered to serve only 5 days in jail followed by a 12-month probationary term. On the written journal entry, the municipal court judge included a handwritten order setting an "appearance bond for purposes of appeal" in the amount of $2,000 cash or a court approved surety.

Also on January 2, 2014, Waldschmidt filed a notice of appeal in Harvey County District Court. The notice included a request that the case be tried in front of a jury. On April 30, 2014, the City filed a motion to dismiss Waldschmidt's appeal. The motion alleged that Waldschmidt had failed to file an appearance bond within 14 days from the date of judgment as required by K.S.A. 2014 Supp. 22-3609(2). The City argued that, as a result, the district court lacked subject matter jurisdiction to hear the appeal.

Waldschmidt filed a written response asking the district court to maintain jurisdiction and deny Newton's motion to dismiss. Along with the response, Waldschmidt attached an affidavit in which he asserted that he called Barb's Bail Bonds and explained that he needed to file a bond. He stated in the affidavit that someone at Barb's Bail Bonds said he did not need to pay any additional money and that Barb's Bail Bonds would file the necessary paperwork. Waldschmidt stated that he called back 1 to 2 days later and was informed that the paperwork had been taken care of. Based on this affidavit, Waldschmidt argued in his response to the City's motion that because the failure to file his appearance bond was not his fault, the district court still had jurisdiction to hear his appeal.

A hearing was held on October 8, 2014. During the hearing, Waldschmidt conceded that the required appearance bond had not been filed but argued that because he had made a good-faith attempt to perfect his appeal, an exception to the jurisdictional bar should be applied. The district court was not persuaded by this argument and ultimately

2

found Waldschmidt's failure to file an appearance bond deprived it of subject matter jurisdiction to hear the case. Accordingly, the district court granted the City's motion to dismiss.

ANALYSIS

Waldschmidt claims he was denied his constitutional right to a jury trial when the district court dismissed his appeal for lack of subject matter jurisdiction. Specifically, Waldschmidt argues it is inequitable to jurisdictionally bar him from presenting his case to a jury because it was the bonding company, not Waldschmidt, who failed to file the appearance bond required to perfect his appeal. Jurisdiction is a question of law over which the appellate courts exercise unlimited review. *State v. Berreth*, 294 Kan. 98, 109, 273 P.3d 752 (2012). To the extent this case involves statutory interpretation, the appellate courts also exercise unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

K.S.A. 2014 Supp. 22-3609(1) provides for the defendant's right to appeal a judgment of the municipal court to the district court when the defendant is guilty of violating a municipal ordinance. K.S.A. 2014 Supp. 22-3609(2) states the procedure for perfecting an appeal:

> "An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. . . . No appeal shall be taken more than 14 days after the date the sentence is imposed."

Failure to follow these provisions is a jurisdictional defect that deprives the district court of jurisdiction to proceed with the appeal. See *City of Overland Park v. Barron*, 234 Kan. 522, 526-27, 672 P.2d 1100 (1983); *City of Dodge City v. Reyes*, 35 Kan. App. 2d 756, 758, 133 P.3d 1291 (2006). Waldschmidt does not dispute that his appearance bond

3

was not posted within 14 days after his sentence was imposed and, to date, still has not been posted; thus, there appears to be a jurisdictional defect that deprives the district court of jurisdiction to proceed with the appeal. But Waldschmidt argues the jurisdictional defect necessarily dissipates in a case such as this because to preclude him from proceeding with his case would deprive him of his constitutional right to a trial by jury.

We note, as a preliminary matter, that Waldschmidt did not raise this issue before the district court. Issues not raised before the trial court cannot be raised on appeal. *State v. Warledo*, 286 Kan. 927, 938, 190 P.3d 937 (2008). It has further been held specifically that constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Leshay*, 289 Kan. 546, 553, 213 P.3d 1071 (2009). There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following:  (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or assignment of a wrong reason for its decision. *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010). With regard to the second exception, this court has on more than one occasion noted "'[t]here is no more fundamental right in the United States than the right to a jury trial.' [Citation omitted.]" *State v. Duncan*, 44 Kan. App. 2d 1029, 1037, 242 P.3d 1271 (2010). Out of an abundance of caution to the defendant's rights, we will address the defendant's arguments that his constitutional rights to a jury trial were violated in this case. Whether an individual's constitutional rights have been violated is a question of law over which an appellate court has an unlimited review. *McComb v. State*, 32 Kan. App. 2d 1037, 1041, 94 P.3d 715, *rev. denied* 278 Kan. 846 (2004).

Waldschmidt asserts he was charged with two Class A misdemeanors, each of which has a possible sentence of 1 year. Waldschmidt further asserts that a defendant has a right to a jury trial when, as here, the defendant has potential imprisonment exceeding 6 months. *State v. Johnson*, 46 Kan. App. 2d 387, 398, 264 P.3d 1018 (2011), *rev. denied* 293 Kan. 1111 (2012); *State v. Jones*, 19 Kan. App. 2d 982, 983-84, 879 P.2d 1141 (1994). The issue presented, then, is whether an individual can lose his or her constitutional right to a jury trial due to a failure to comply with jurisdictional portions of a statute.

Notably, the issue presented by Waldschmidt has been addressed by two separate panels of our court in the last 2 years. In *City of Dodge City v. Olivas*, No. 109,782, 2014 WL 2224686 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. __ (November 6, 2015), the defendant was charged with his second DUI, refusal to take a chemical breath test, disobeying a stop sign, refusal to take a preliminary breath test, and an illegal vehicle tag. The municipal court required a $3,030.50 cash appearance bond, which Olivas failed to pay. When the State moved to dismiss the appeal for that reason, Olivas argued that the amount of the appearance bond was excessive and unaffordable for a person of his means and requiring him to pay the appearance bond to perfect his appeal necessarily deprived him of his right to a jury trial. Although the district court determined that the amount of the appearance bond was excessive, the court went on to hold that the defendant's failure to even attempt to comply with the jurisdictional requirements of K.S.A. 2014 Supp. 22-3609(2) by posting any percentage of the appearance bond prevented the defendant from pursuing his appeal due to a lack of jurisdiction. 2014 WL 2224686, at *2-3.

Presented with almost identical facts a year later, the court in *State v. Cooper*, No. 112,320, 2015 WL 5009997 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* September 1, 2015, adopted the *Olivas* analysis and found the district court correctly dismissed defendant's case due to lack of jurisdiction because, again, the defendant made

no attempt to satisfy the requirements of K.S.A. 2014 Supp. 22-3609(2) within the 14 days allowed to perfect an appeal to the district court.

Waldschmidt does not cite to *Olivas* in his brief. Instead, he cites to *Johnson*, 46 Kan. App. 2d at 398, and *Jones*, 19 Kan. App. 2d at 983-84, to support his argument that an individual cannot lose his or her constitutional right to a jury trial due to a failure to comply with technical portions of a procedural statute. We find both of these cases distinguishable. In *Jones*, the court determined that Jones' failure to demand a jury trial within 7 days for a misdemeanor and traffic offense unlawfully deprived him of his right to a jury trial because he had to first be advised by the court of that right and then personally waive it in writing or in open court for the record. 19 Kan. App. 2d at 983-84. The key issue of subject matter jurisdiction, without which a court cannot lawfully proceed to hear a case, was not an issue in *Jones*. In *Johnson*, the court determined the defendant did not effectively waive trial by a jury because it was the defendant's counsel and not the district judge who advised him of his right to a jury trial. 46 Kan. App. 2d 398-400. Like *Jones*, subject matter jurisdiction was not an issue in *Johnson*. For these reasons, neither the analysis nor the conclusion reached by the courts in the *Jones* and *Johnson* cases are relevant to our analysis here.

Conversely, we find the legal analysis in *Olivas* and *Cooper* precisely on point. Although the constitutional claim asserted by the defendants in both of those cases was that an individual cannot lose his or her constitutional right to a jury trial based on failure to timely pay an appearance bond that is excessive, the analysis is equally applicable to Waldschmidt's claim that he cannot be deprived of his constitutional right to a jury trial based on his bond company's failure to timely pay his appearance bond. Like the facts in *Olivas* and *Cooper*, the required appearance bond was not posted within 14 days after Waldschmidt's sentence was imposed and, to date, still has not been posted. This failure to file an appearance bond deprived the district court of subject matter jurisdiction to hear the case.

Without subject matter jurisdiction, this court cannot address the merits of Waldschmidt's case, including his constitutional argument. See *State v. Morningstar*, 299 Kan. 1236, 1239-40, 329 P.3d 1093 (2014). With that said, our Supreme Court has recognized exceptions to the general rule that the filing of a timely notice of appeal is a jurisdictional requirement. *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982). But it has only identified "three narrowly defined, truly exceptional circumstances" in which a defendant should be permitted to file a late direct appeal. *State v. Patton*, 287 Kan. 200, 217, 195 P.3d 753 (2008). These narrow exceptions allow a defendant to file a late appeal if the defendant "(1) was not informed of his or her right to appeal, (2) was not furnished an attorney to perfect an appeal, or (3) was furnished an attorney who failed to perfect an appeal." 287 Kan. 733, Syl. ¶ 3. These exceptions are referred to as the *Ortiz* exceptions. 287 Kan. at 218.

We note that all three of the *Ortiz* exceptions apply when a defendant attempts to pursue an appeal after the statutory deadline for filing a notice of appeal. 287 Kan. at 206. But in this case, Waldschmidt never filed the required appearance bond. Even after the City filed a motion to dismiss, Waldschmidt did not attempt to rectify this jurisdictional shortcoming by filing the appearance bond late, nor has he attempted to rectify it since the district court's dismissal. Thus, the *Ortiz* exceptions discussed above are inapplicable here because Waldschmidt was not requesting the district court to hear an appeal that was *untimely*. Rather, he was requesting the district court to retain jurisdiction over his case despite the fact that he never filed an appearance bond at all. This is not a case of timeliness. It is a case involving the defendant's complete failure to file an essential document as part of his appeal. Because Kansas law does not appear to establish any exceptions that allow a defendant to pursue an appeal despite his or her total failure to post the required appearance bond as part of his appeal, Waldschmidt's appeal should be dismissed.

But even if the *Ortiz* exceptions could be applied, the third exception is the only possible one that could be applied to the facts of this case. In *City of Dodge City v. Ibarra*, 35 Kan. App. 2d 643, 645-46, 133 P.3d 159 (2006), this court applied the third *Ortiz* exception to allow a defendant to pursue an appeal even though, as in this case, the defendant failed to file an appearance bond. But in *Ibarra*, counsel for the defendant admitted that she was the one who failed to file the appearance bond. Counsel explained to the district court that she erroneously believed Ibarra's district court appearances were sufficient to maintain the appeal because it was an "own recognizance" bond. 35 Kan. App. 2d at 644-45. This court reversed the district court's dismissal of the case for lack of jurisdiction because Ibarra's attorney freely acknowledged that the lack of jurisdiction was due to her mistake. 35 Kan. App. 2d at 646.

Here, Waldschmidt has been represented by the same counsel since before he entered his pleas in municipal court. Unlike the facts in *Ibarra*, Waldschmidt does not argue on appeal that his counsel was to blame for dismissal of his case. An issue not briefed on appeal is deemed waived and abandoned. *State v. Jones*, 300 Kan. 630, 639, 333 P.3d 886 (2014). Instead, Waldschmidt argues the failure to file the required appearance bond, and thus the lack of jurisdiction, was caused by a mistake made by Barb's Bail Bonds. To that end, Waldschmidt asserts an *Ortiz* exception would be proper here because, as averred in the affidavit he submitted to the district court, he was not to blame for dismissal of his case. He argues he made a good-faith attempt to perfect his appeal by calling Barb's Bail Bonds and receiving oral verification that his appearance bond would be timely submitted. Even if what Waldschmidt avers in his affidavit is true, however, none of the *Ortiz* exceptions apply when a mistake is made by an independent third party. See *Ortiz*, 230 Kan. 733, Syl. ¶ 3. And even if an exception did apply, there is a glaring inconsistency in the record that would preclude us from granting any relief under *Ortiz*. In Waldschmidt's affidavit, he alleges that he called Barb's Bail Bonds immediately after the hearing in municipal court on December 24, 2014. He apparently meant 2013. Even so, according to the record before this court, Waldschmidt's

8

appearance bond was not set until January 2, 2014. There is no additional evidence in the record that would explain this discrepancy. An appellant bears the burden of designating a record affirmatively showing a district court's error. *State v. Kidd*, 293 Kan. 591, 601, 264 P.3d 1165 (2011), *cert. denied* 132 S. Ct. 2433 (2012). Waldschmidt did not meet this burden here.

Waldschmidt was required to file an appearance bond and he failed to do so; thus, the district court lacked subject matter jurisdiction to hear his case and dismissal was proper.

Dismissed.