No. 55,757

CITY OF OVERLAND PARK, KANSAS, *Appellant,* v. DONALD H. BARRON, *Appellee.*

(672 P.2d 1100)

Opinion filed December 2, 1983.

*Karen Arnold-Burger,* assistant city attorney, argued the cause and was on the briefs for the appellant.

*Gary Robert Mathews,* of Overland Park, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by the city of Overland Park, pursuant to K.S.A. 22-3602(*b*)(1), from an order of the district court of Johnson County dismissing a complaint charging defendant, Donald H. Barron, with driving while under the influence of intoxicating liquor (DUI). Defendant was convicted of DUI in municipal court. He appealed to the district court for a trial de novo. Prior to trial, defendant moved to dismiss the city's complaint on the basis that he had been subjected to double jeopardy in the municipal court proceedings. The district court sustained defendant's motion, and this appeal followed.

The facts in this case are not greatly in dispute. However, there is some disagreement between counsel as to certain proceedings in municipal court which were not transcribed. The municipal judge prepared handwritten minutes of the proceedings as they occurred. In addition, the court's journal entry of judgment and defendant's notice of appeal to the district court show what happened in municipal court. The following facts are clearly established: On August 27, 1982, defendant was charged with DUI in violation of an ordinance of the city of Overland Park. On September 1, 1982, defendant was arraigned on the charge and an attorney was appointed to represent defendant,

who entered a plea of not guilty. The case was set for trial on September 16, 1982. The city moved for a continuance, which motion was granted over defendant's objection. The case was then set for trial on October 19, 1982. On October 19, 1982, the city called its first witness, a police officer, to the stand. He was sworn and then stated his name and occupation and where he was on August 27, 1982. At that point, counsel for defendant requested the right to interrogate the officer before he testified further. This request was granted by the court. The interrogation revealed that the officer had been approached by a pedestrian in a parking lot who advised the officer that the defendant's car had been involved in a hit-and-run accident involving another car parked in the parking lot. The officer testified that, based on this hearsay information, he stopped defendant's car, at which time he smelled alcohol on defendant's breath. He, thereupon, arrested and charged defendant with DUI.

Following this questioning, defense counsel objected to any further testimony from the officer involving the charge, because it was based upon hearsay evidence, and moved for suppression of further testimony from the officer. The city prosecutor and defense counsel presented oral arguments to the court. According to the judge's minutes, the municipal court ordered a continuance in the case and granted defendant 20 days to file a brief on the suppression issue and ten days thereafter for the city to file its reply brief. The court continued the case to November 30, 1982. On that date, the municipal court denied defendant's motion to suppress and, at the request of the city, continued the case for trial to December 28, 1982. At that time, the city recalled the officer to the stand and presented additional evidence. Defendant offered no evidence. The judge's minutes show that the court found defendant guilty of the charge and assessed a penalty of 30 days in jail and a fine of $200. Defendant's license was restricted for 90 days "in, from & about work" and "to attend alcohol ed. &/or treatment sessions." Defendant was ordered to enroll in and complete an alcohol treatment program. The court set the appeal bond in the amount of $200. An entry in the judge's minutes states: "Penalty stayed for 30 days."

The journal entry of judgment dated December 28, 1982, prepared by and signed by the municipal court judge, shows clearly that, on that date, the court found defendant guilty of DUI

in violation of the city ordinance and that the court entered judgment of sentence in accordance with the court's minutes as set forth above. Appeal bond was set for $200 and the penalty was stayed for 30 days. Thereafter, on January 20, 1983, an appeal bond of $200 was posted by defendant. On January 24, 1983, a notice of appeal was filed by the defendant providing as follows:

"Notice is hereby given that Donald H. Barron appeals from the judgment of the City of Overland Park, Kansas, entered on *December 28, 1982,* finding the Defendant guilty of a violation of Overland Park Municipal Code 12.04.030 and 11.04.040.

"The appeal is hereby taken to the District Court of Johnson County, Kansas as a matter of right." (Emphasis supplied.)

Thereafter, on February 9, 1983, defendant appeared in district court and the case was set for the March 15, 1983, docket call. The case was continued on several occasions, until it finally came up for trial on May 16, 1983. At that time, the city and the defendant suggested each had pretrial motions to present. Defendant was allowed to proceed first with his motions. He first made a motion to dismiss the complaint on the basis of double jeopardy in municipal court proceedings. After oral argument of the motion, the judge sustained defendant's motion and dismissed the complaint. The city appealed.

At the outset, the city raises a jurisdictional issue, contending that the district court was without jurisdiction to hear and rule on defendant's motion to dismiss or even to consider defendant's appeal, because the appeal was not timely filed in compliance with the Kansas statutes pertaining to appeals from municipal court. The record does not show that this issue was ever raised in district court by the city. Defendant argues, in opposition to this jurisdictional issue, that the issue was waived by the city and cannot be considered for the first time in an appellate court. The city maintains that it was never provided an opportunity to present its motions.

In *State v. Minor,* 197 Kan. 296, 300, 416 P.2d 724 (1966), this court held that a judgment which is void for want of jurisdiction may be attacked at any time and may be vacated because it is a nullity. It was further held that the supreme court may, on its own motion, raise the issue of jurisdiction to hear an appeal pending before it.

*In re Lakeview Gardens, Inc.,* 227 Kan. 161, 605 P.2d 576 (1980), states in Syllabus ¶ 8:

"It is the duty of this court to raise the question of jurisdiction on its own motion; and where the district court had no jurisdiction, this court does not acquire jurisdiction over the subject matter upon appeal."

To the same effect see *Thompson v. Amis,* 208 Kan. 658, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972). It is clear from these cases that this court has jurisdiction in this case to consider the jurisdictional issue raised by the city, even if that issue was not raised by the city in district court.

We should also consider certain statutory provisions pertaining to proceedings in municipal court and appeals from a municipal court to the district court. K.S.A. 12-4501 provides that an accused in municipal court entering a plea of not guilty shall be tried on the earliest practical day set by the court, *unless trial is continued for good cause.* Thus, the right of a municipal court to grant a continuance is recognized. K.S.A. 12-4507 provides that, if the accused is found guilty, sentence shall be imposed and judgment rendered without unreasonable delay. K.S.A. 12-4508 declares that, when a judgment is rendered, the municipal judge or clerk of the municipal court shall enter such judgment on the docket.

In this case, the minutes of the judge of the municipal court show clearly that the trial commenced on October 19, 1982, and that the case was then continued to November 30, 1982, to enable counsel to file briefs on defendant's motion to suppress. On November 30, 1982, the motion to suppress was denied, and the case was further continued and set for trial on December 28, 1982. On December 28, 1982, the municipal judge heard evidence and entered his judgment on the docket. He specifically found defendant guilty, imposed a fine and a jail sentence, ordered defendant's driving privileges to be restricted, and required defendant to attend alcohol education and/or treatment sessions. The penalty was stayed for 30 days, and the appeal bond was set at $200.

K.S.A. 1982 Supp. 22-3609 covers the statutory procedure for perfecting an appeal from a municipal court to the district court in the following language:

"22-3609. **Appeals from municipal courts.** . . .

"(2) An appeal to the district court shall be taken by filing a notice of appeal and any required appearance bond in the district court of the county in which the

municipal court is located. *No appeal shall be taken more than 10 days after the date of the judgment appealed from.*

"(3) The notice of appeal shall designate the judgment or part of the judgment appealed from. The defendant shall cause notice of the appeal to be served upon the city attorney prosecuting the case. The judge whose judgment is appealed from or the clerk of the court, if there is one, shall certify the complaint and warrant to the district court of the county, but failure to do so shall not affect the validity of the appeal." (Emphasis supplied.)

It should be noted that to perfect an appeal from municipal court, a convicted defendant must file a notice of appeal and an appearance bond. The above statute states, without equivocation, that no appeal shall be taken more than ten days after the judgment appealed from. Under section (3) the notice of appeal is required to designate the judgment or part of the judgment appealed from.

There are a number of Kansas cases which hold that, in order to perfect an appeal to district court from municipal court, the provisions of 22-3609 must be complied with and failure to do so is a jurisdictional defect which deprives the district court of jurisdiction to proceed with the appeal. In *State v. Moses,* 227 Kan. 400, 607 P.2d 477 (1980), involving a state criminal prosecution, it was held that the filing of a timely notice of appeal is jurisdictional. In *City of Bonner Springs v. Clark,* 3 Kan. App. 2d 8, 588 P.2d 477 (1978), it was held that a written notice of appeal filed in the district court did not satisfy the requirements of K.S.A. 1977 Supp. 22-3609(2) that a written notice of appeal be filed in municipal court. The district court was held to be without jurisdiction, since a written notice of appeal was not filed in *municipal* court. See also *City of Overland Park v. Nikias,* 209 Kan. 643, 498 P.2d 56 (1972).

Turning to the case now before us, the handwritten minutes of the municipal court judge and the journal entry filed in municipal court show without question that judgment was entered and sentence pronounced on December 28, 1982. Only the penalty was stayed for 30 days. On January 24, 1983, counsel for the defendant filed a written notice of appeal in municipal court. That notice of appeal clearly states that the defendant appeals *from the judgment of the city of Overland Park, Kansas, entered on December 28, 1982.* The notice of appeal was thus filed 27 days after judgment was entered on December 28, 1982. This does not comply with the statutory requirement of K.S.A. 1982

Supp. 22-3609(2) that no appeal shall be taken more than ten days after the date of the judgment appealed from.

Defendant seeks to avoid the result of the untimely filing of the notice of appeal by arguing in his brief that judgment was not actually rendered by the municipal court until February 1, 1983. Defense counsel attaches to his brief a letter written by defense counsel to the clerk of the Overland Park Municipal Court dated December 28, 1982, which states:

"This shall acknowledge the Judge's ruling in the above-referenced case wherein he has imposed sentence but has set an appeal bond of $200.00, staying execution for thirty days for Mr. Barron to either file an appeal bond or enroll in alcoholic counseling.

"Mr. Elder has given me a court setting of February 1, 1983 at 8:00 p.m. for Mr. Barron to appear and inform the court that he has chosen to appeal the action or to enroll and be evaluated in the alcohol program.

"If the above does not comport with your understanding of the Judge's bench notes please advise immediately."

We note that this letter was not filed with the clerk of the district court until August 3, 1983, after the appeal to this court had been perfected by the city and the city had filed its appellant's brief. We also note that there is nothing in the record to show that the municipal court conducted any hearings in the case after December 28, 1982.

We have considered the arguments of counsel and have concluded from the handwritten minutes of the judge of the municipal court, the journal entry of judgment of the municipal court, and the language contained in defendant's notice of appeal that a judgment finding defendant guilty and imposing sentence was entered on December 28, 1982. We have further concluded that the defendant did not perfect a timely appeal to the district court by filing his notice of appeal on January 24, 1983, 27 days after the date of the judgment. It thus clearly appears that, because of the failure of the defendant to comply with statutory procedures governing appeals from the municipal court to the district court, the district court never had jurisdiction of the case on appeal, including jurisdiction to determine the motion of defendant to dismiss on the grounds that he was subjected to double jeopardy in the municipal court proceedings.

This court, having determined from the record that the district court lacked jurisdiction of the case, could properly raise the question of jurisdiction on its own motion. The court does not

have jurisdiction to consider the appeal in this case. The case must therefore be reversed and remanded to the district court with instructions to dismiss defendant's appeal from municipal court for want of jurisdiction.

Although we are without jurisdiction to entertain the merits of the appeal, we have carefully examined the briefs presented by the parties and we have concluded that, in any event, the defendant was not subjected to double jeopardy in the municipal court proceedings because there was never a termination of one trial and the commencement of a second trial. K.S.A. 21-3108, which pertains to the subject of double jeopardy in criminal proceedings, clearly requires a termination of one trial and the commencement of a second trial in order for double jeopardy to exist. The minutes of the judge of the municipal court show, without question, that the defendant was only subjected to one trial in municipal court. The trial commenced on October 19, 1982, at which time defendant made his oral motion to suppress. The trial court was obviously concerned about the motion and *continued* the hearing to provide counsel an opportunity to file briefs. On November 30, 1982, the motion was denied, and the matter was *continued* for hearing to December 28, 1982. Since there was only *one trial* before the municipal judge, which was continued for reasonable cause, the defense of double jeopardy is not applicable in this case.

The judgment of the district court is reversed and the case is remanded to the district court with directions to dismiss defendant's appeal from his conviction in municipal court.