(782 P.2d 1257)
No. 63,623

CITY OF SALINA, *Appellee,* v. JAMES RAY ALDRIDGE, *Appellant.*

Opinion filed December 1, 1989.

*Terry L. Clark,* of Salina, for appellant.

*Gary D. Denning,* assistant city attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRAZIL, P.J., ELLIOTT, J., and JOHN C. GARIGLIETTI, District Judge, assigned.

ELLIOTT, J.: James Ray Aldridge appeals the dismissal, on jurisdictional grounds, of his appeal from a conviction in municipal court.

We reverse and remand.

The facts are not in dispute. Defendant was charged in municipal court with petty theft. He was convicted on January 17, 1989, and sentenced to 30 days in jail. On the same day, defendant filed his notice of appeal; the municipal judge set an "appeal bond" at $100. Throughout the record on appeal the bond is referred to as an "appeal" bond, but at oral argument both parties state it is an "appearance" bond. We cannot agree with their characterization of the bond. The bond is on a form with the City of Salina printed in as plaintiff. The title of the form is "APPEAL UNDERTAKING."

We therefore conclude the bond utilized in the present case was, in fact, an appeal bond as contemplated by K.S.A. 12-4602 dealing with appeals from municipal courts. That statute provides: "**Same; procedure.** An appeal to the district court may be taken as provided in K.S.A. 22-3609. The appearance bond may continue in effect throughout the appeal; however, the municipal

judge *may require a separate appeal bond.*" (Emphasis added.)

The bond was executed by the surety on February 3, 1989, and approved by the municipal judge on February 8, 1989. The district court dismissed the appeal for lack of jurisdiction because the bond was not filed within 10 days as required by K.S.A. 22-3609. We hold that the filing of the bond within 10 days is not jurisdictional.

K.S.A. 22-3609 provides:

"(2) An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court. No appeal shall be taken more than 10 days after the date of the judgment appealed from."

The city relies on *City of Overland Park v. Barron*, 234 Kan. 522, 672 P.2d 1100 (1983). There, the court stated:

"It should be noted that to perfect an appeal from municipal court, a convicted defendant must file a notice of appeal and an appearance bond. The above statute states, without equivocation, that no appeal shall be taken more than ten days after the judgment appealed from." 234 Kan. at 526.

The court further stated that failure to comply with the provisions of K.S.A. 22-3609 "is a jurisdictional defect which deprives the district court of jurisdiction to proceed with the appeal." 234 Kan. at 526.

But in the discussion of its holding, the *Barron* court mentions only that the notice of appeal was filed 27 days after the judgment and was therefore not timely. No specific mention of the appearance bond was made.

In the present case, the notice of appeal states the "appeal bond" was fixed at $100. The appeal bond does contain a promise to appear at the scheduled appeal hearing which seems to be in accord with the guidelines contained in the Judicial Council's Kansas Municipal Court Manual (rev. 1986). Section 11.02 suggests that the municipal judge require the person appealing to file an appeal bond containing a promise to appear in district court.

Accordingly, we hold that the "bond" involved in this case is

an "appeal" bond under K.S.A. 12-4602 rather than an "appearance" bond as contemplated by K.S.A. 22-3609. As a result, the "appeal" bond cannot be held to be jurisdictional. K.S.A. 22-3609 does not mention an "appeal" bond as part of the 10-day filing scenario.

The filing of an appeal bond within ten days is not a jurisdictional requirement.

The dismissal is reversed and the case is remanded with directions to reinstate defendant's appeal.