No. 75,088

FUNK MANUFACTURING COMPANY and JOHN DEERE HEALTH
BENEFIT PLAN FOR SALARIED EMPLOYEES, *Appellees*, v.
PATRICIA ANN FRANKLIN and JAMES M. FRANKLIN, as Guard-
ian and Conservator of PATRICIA ANN FRANKLIN, *Appellants*.

927 P.2d 944

Opinion
filed December 6, 1996.

*Jeffrey A. Chubb*, of Scovel, Emert, Heasty & Chubb, of Independence, argued
the cause and was on the brief for appellants.

*Douglas G. Ott,* of Hall, Levy, DeVore, Bell & Ott, of Coffeyville, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

LOCKETT, J.: The guardian of a participant in a self-funded employee benefit plan under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (1994), appeals the district court's grant of summary judgment which required the guardian to reimburse the employee benefit plan for medical expenses paid on behalf of the participant from proceeds collected by the guardian in a settlement with third-party tortfeasors. Prior to oral argument, this court issued an order to show cause why the appeal should not be dismissed and the judgment of the state district court vacated due to ERISA's exclusive federal jurisdiction provision, 29 U.S.C. § 1132(e) (1994).

On January 21, 1992, Patricia Ann Franklin sustained injury resulting from surgical treatment which left her comatose. Patricia was an employee of Funk Manufacturing Co. (Funk) and entitled to benefits under the John Deere Heath Benefit Plan for Salaried Employees (the Plan), a self-funded employee benefit plan that provided health benefits to Funk employees. John Deere Health Care, Inc., is the administrator and fiduciary of the plan. Due to Patricia's condition, the Plan paid medical benefits in excess of $265,000.

James M. Franklin, Patricia's husband, was appointed guardian and conservator for Patricia by the district court of Montgomery County. In October 1992, without notice to the district court of Montgomery County, James filed lawsuits against two medical providers in Shawnee County in his individual capacity and as conservator of Patricia Franklin's estate. Subsequently, the hospital where Patricia had received treatment was added as a defendant. Later, a second action was filed against another medical provider.

On November 24, 1992, James executed a release and settlement agreement with two medical providers and the Kansas Health Care Stabilization Fund. The settlement of Patricia's claims resulted in a payment of $25,000 cash and a lifetime annuity of $3,250 per month for Patricia's long-term care. The settlement agreement

did not include previously incurred medical expenses paid by the Plan. In April 1993, James executed a release and settlement agreement with the hospital for a $10,000 payment to Patricia. All settlement agreements included full releases to the parties and reserved no right of subrogation for the Plan. The settlement agreements did not include amounts for medical expenses paid to Patricia by the Plan. These agreements resolved the first suit.

On October 25, 1993, Funk and the Plan (plaintiffs) filed suit in Montgomery County. Pursuant to the documents governing the administration of the Plan, plaintiffs claimed a right of subrogation for medical benefits to the extent the Franklins collected damages from third-party tortfeasors. The petition included four counts for equitable relief: breach of contract, constructive trust, mistake, and unjust enrichment. All requests for relief were based upon the Plan's asserted right to subrogation. On December 27, 1993, plaintiffs filed an amended petition adding an additional count for declaratory judgment to enforce a subrogation lien against any amounts recovered in the second malpractice suit.

In April 1994, plaintiffs filed a motion for summary judgment seeking an order from the district court enforcing their subrogation right. Plaintiffs argued to the district court that "[b]ecause the [John Deere Health Benefit Plan] is a self-funded employee benefit plan within the meaning of ERISA, plaintiffs' subrogation rights are controlled by federal law." Citing numerous federal cases, plaintiffs argued that failure to enforce the Plan's right of subrogation constituted unjust enrichment to the Franklins. We note that plaintiffs' motion failed to address how their unjust enrichment theory applied when the Franklins' settlement agreements in the malpractice actions did not include amounts the Plan had paid for Patricia's medical expenses.

In their response to the summary judgment motion, the Franklins argued that because the action was preempted by federal law, the case should be dismissed. They also argued that they had no prior notice of the subrogation provision and plaintiffs had notice of the Shawnee County lawsuits and had failed to protect their subrogation right by intervening. The Franklins pointed out that the settlements provided only for Patricia's continuing future med-

ical needs. The Franklins asserted that although Patricia's past medical expenses were paid by the Plan, since the cost of the past medical expenses had not been included in the settlement agreements, the Plan had no right to reimbursement from Patricia. They finally argued that summary judgment was premature because genuine issues of material fact existed as to notice of the Plan's subrogation right.

On March 9, 1994, apparently in response to the Franklins' ERISA preemption argument, plaintiffs filed a second amended petition. In that petition, the employer, Funk, was dropped from the suit. John Deere Health Care, Inc., the Plan's administrator, was substituted as a party to the suit. The amended petition contained two counts. Count I was styled "ERISA" and based jurisdiction upon 29 U.S.C. § 1132, which plaintiffs contended permitted the state district court to "enjoin any action or practice which violates ERISA or the Plan and/or enforce any provisions of ERISA or the terms of the Plan." The petition also requested the state district court to grant equitable relief, including an order imposing a constructive trust on money paid by the malpractice defendants to the Franklins. Count II sought a declaratory judgment that plaintiffs were entitled to a subrogation lien for any recovery in the second malpractice suit.

Ruling on the motion for summary judgment, the district court found that the summary of medical benefits and rights of the Plan, the Summary Plan Description (SPD), mailed to Patricia while she was comatose, was sufficiently clear to put a reasonable person on notice of the Plan's subrogation right. The district court made findings of fact, determined that summary judgment was proper, and granted plaintiffs a judgment for medical expenses it had paid under the Plan. The Franklins appealed, claiming the trial court erred in concluding that (1) the SPD was sufficient to put a reasonable person on notice of the Plan's subrogation provision and (2) receipt of the SPD by a comatose Patricia was not a material fact. The appeal was transferred to this court pursuant to K.S.A. 20-3018.

Prior to oral argument, this court issued an order to show cause why an action by a self-funded benefit plan administrator for equitable enforcement of an asserted subrogation right in a state dis-

trict court should not be dismissed for lack of state jurisdiction pursuant to the exclusive jurisdiction provision of ERISA, 29 U.S.C. § 1132(e). In its response to the court's show cause order, plaintiffs argued that because the original plaintiffs in the action were the employer (Funk) and the Plan, the state court action was not precluded by 29 U.S.C. § 1132(e). Plaintiffs also argued the state court action was proper because it was brought pursuant to federal common law. Defendants' response conceded that exclusive jurisdiction rested in the federal courts.

## Jurisdiction

It is well established that it is the duty of the appellate court to raise the question of jurisdiction on its own motion, and where the district court had no jurisdiction, the appellate court does not acquire jurisdiction over the subject matter on appeal. *City of Overland Park v. Barron*, 234 Kan. 522, Syl. ¶ 1, 672 P.2d 1100 (1983).

ERISA, 29 U.S.C. § 1132(e)(1) provides:

"Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary or fiduciary. . . . State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraph (1)(B) and (7) of subsection (a) of this section."

29 U.S.C. § 1132(a) provides:

"A civil action may be brought —
"(1) by a participant or beneficiary —
. . . .
"(B) to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"
. . . .
"(7) By a State to enforce compliance with a qualified medical child support order . . . ."

Based upon these provisions, it is clear that state courts may assert concurrent jurisdiction only over civil actions brought by participants or beneficiaries for relief as set out in 29 U.S.C. §

1132(a)(1)(B) and over actions by states to enforce complaince with qualified medical child support orders. 29 U.S.C. § 1132(a)(7).

Actions by fiduciaries are addressed by 29 U.S.C. § 1132(a), which provides:

"A civil action may be brought—

. . . .

"(3) by a . . . fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Federal courts have held that a plan administrator is a fiduciary. See, *e.g.*, *U.S. Steel Min. Co. v. District 17, UMW*, 897 F.2d 149, 152 (4th Cir. 1990).

The instant action does not fall within the state court concurrent jurisdiction exception set out in 29 U.S.C. § 1132(a)(1)(B) since it was not brought by a participant or a beneficiary. Rather, this action falls directly within 29 U.S.C. § 1132(a)(3) of the ERISA civil enforcement section, which permits civil actions by fiduciaries seeking injunctive and equitable relief to redress alleged violations of a benefit plan or to enforce its provisions or terms. In conjunction with 29 U.S.C. § 1132(e)(1), such actions must be brought in federal court.

Plaintiffs argue that if 29 U.S.C. § 1132(a)(1)(B) limits state court jurisdiction, since their claims were brought pursuant to "federal common law," state jurisdiction was proper pursuant to 28 U.S.C. § 1331 (1994), which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Plaintiffs cite *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 103 L. Ed. 2d 80, 109 S. Ct. 948 (1989), *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 95 L. Ed. 2d 39, 107 S. Ct. 1549 (1987), and *Serembus on Behalf of UIU v. Mathwig*, 817 F. Supp. 1414 (E.D. Wis. 1992), in support of their proposition that jurisdiction for this action is based upon 28 U.S.C. § 1331.

However, we observe that none of the cases cited as authority involves an action brought in state court by fiduciaries to obtain equitable relief while claiming jurisdiction under ERISA, 29 U.S.C.

§ 1132. Our review of the cases cited by the plaintiffs reveals that they were actions filed in the federal district courts and merely stand for the proposition that 28 U.S.C. § 1331 provides an alternative basis for jurisdiction in the federal district court, if federal jurisdiction under ERISA is otherwise lacking, not that § 1331 provides a basis for state court jurisdiction.

Another case cited by plaintiffs is instructive. In *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985 (4th Cir.), *cert. denied* 498 U.S. 982 (1990), a plan administrator brought suit to recover funds advanced to a participant injured in an accident. The administrator premised federal jurisdiction under 29 U.S.C. § 1132(a)(1)(B). The Fourth Circuit Court of Appeals found no jurisdiction under that provision since it permits actions by beneficiaries and participants, but not administrators. The court then found an alternate basis for jurisdiction under 28 U.S.C. § 1331. In a footnote, however, the Fourth Circuit noted that it was probable that suit could have been brought in the federal district court pursuant to 29 U.S.C. § 1132(a)(3) since the plaintiff was a fiduciary. 906 F.2d at 988.

The only state case cited by plaintiffs, *Ex parte Lewis*, 571 So. 2d 1069 (Ala. 1990), also fails to support their position. *Lewis* dealt with a state interpleader claim which was filed by Government Employees Insurance Company (GEICO) to settle multiple claims against its insured based upon injuries and damages arising from an automobile accident. GEICO joined Blue Cross, the health insurance carrier that had paid hospital and medical bills, as one of the defendants. When Blue Cross claimed subrogation rights to funds recovered by the Lewises (the injured parties), the Lewises argued that the subrogation claim must be brought in federal court due to ERISA's exclusive jurisdiction provision. The Alabama court disagreed, finding that Congress did not intend that federal courts have exclusive jurisdiction of every subrogation claim that grows out of an ERISA plan. 571 So. at 1080. *Lewis* is inapposite, however, because Blue Cross was not bringing its subrogation claim as a fiduciary under ERISA.

Directly on point, but not cited by the parties, is *Copeland v. Slidell Memorial Hosp.*, 657 So. 2d 1292 (La. 1995). In *Copeland*, a plan participant lapsed into a coma following surgery. Subse-

quently, her husband filed a malpractice action which was settled prior to trial. The self-insured employer and fiduciary, Copeland, filed suit claiming a right to reimbursement from, among others, the state's Patient's Compensation Fund. The state trial court found in favor of Copeland, and the Louisiana Court of Appeals affirmed.

The Louisiana Supreme Court reversed on jurisdictional grounds. The court pointed out that the case involved the employer's right to subrogation pursuant to an employee welfare benefit plan under ERISA. Reviewing ERISA's jurisdictional provisions, the *Copeland* court noted that since Copeland was a fiduciary seeking to enforce a subrogation right under the terms of the employee benefit plan, the "action is not within the realm of this Court's concurrent jurisdiction as enumerated by [29 U.S.C. § 1132(e)(1)]." 657 So. 2d at 1302. The Louisiana court observed that because the action was an action by a fiduciary to obtain equitable relief to enforce provisions of an employee benefit plan, as allowed by § 1132(a)(3), "based upon the clear wording of section 1132," the federal district court would have exclusive subject matter jurisdiction to determine whether Copeland was entitled to reimbursement. 657 So. 2d at 1302. The Louisiana Supreme Court found that because jurisdiction over the action was clearly conferred by 29 U.S.C. § 1132(a)(3) and since jurisdiction over all actions brought under this section was vested exclusively in the federal courts pursuant to 29 U.S.C. § 1132(e), the Louisiana state district court never had jurisdiction of the action. The Louisiana Supreme Court vacated the district court's judgment and dismissed the action for lack of state jurisdiction.

We agree with the reasoning of the Louisiana Supreme Court. Congress specifically bestowed upon state courts concurrent jurisdiction only in matters arising under 29 U.S.C. § 1132(a)(1)(B) and (7). That being the case, we construe § 1132 to mean that a participant or a participant's beneficiary may bring an action in either state or federal court to (1) recover benefits due the participant; (2) enforce the participant's rights; and (3) clarify the participant's rights to future benefits under the terms of the plan. Also under

29 U.S.C. § 1132(a)(7), a State may seek relief in state court to enforce compliance with a qualified medical child support order.

Here, plaintiffs are not the proper parties (a participant, a participant's beneficiary, or State) permitted to bring an action in a state court under ERISA, nor is this action one that falls within the scope of a state court's concurrent jurisdiction. The federal forum is also the proper forum to determine whether the Plan may bring an action in federal court to enforce a subrogation right or whether the Plan is a fiduciary under federal law. In this action, the fiduciary of an employee benefit plan seeks to enforce a subrogation right under the terms of its employee benefit plan. Thus, based upon the clear wording of 29 U.S.C. § 1132(e)(1), the federal district court has exclusive subject matter jurisdiction to determine whether plaintiffs are entitled to enforce their asserted right to subrogation. Because of the exclusive jurisdiction provision of ERISA, the Kansas district court never acquired jurisdiction of the action. Therefore, the judgment of the district court is vacated, and the appeal is dismissed for lack of state jurisdiction.

Appeal dismissed and judgment of the district court vacated.