(12 P.3d 908)
No. 84,475

THE CITY OF NEWTON, KANSAS, *Appellee*, v. CARL R. KIRKLEY, *Appellant*.

Opinion filed November 3, 2000.

*Cortland E. Berry*, of Cortland E. Berry Legal Clinic, of Newton, for appellant.

*Michael E. Cleary*, city prosecutor, for appellee.

Before PIERRON, P.J., BEIER, J., and C. FRED LORENTZ, District Judge, assigned.

BEIER, J.: Defendant-appellant Carl R. Kirkley contests the district court's dismissal of his appeal for lack of jurisdiction when he failed to file his appeal bond within 10 days of the date of judgment.

Kirkley was convicted in municipal court for possession of drug paraphernalia and carrying a deadly weapon. The court set Kirkley's appeal bond at $1,750. Kirkley filed a timely notice of appeal to the district court.

Kirkley's counsel failed to appear at Kirkley's first appearance in district court. The district court advised counsel that the municipal court had set an appeal bond of $1,750, that no record showed the appeal bond had been posted, and that the district court did not have jurisdiction to hear the case. The district court gave defense counsel 7 days to provide a reason why the case should not be dismissed for failure to perfect the appeal.

The district court later sent counsel a letter saying it was dismissing the case for lack of jurisdiction and remanding it to the municipal court for execution of sentence. The court explained that, although the notice of appeal was appropriately filed, the appeal bond was not filed within 10 days of judgment under K.S.A. 1999 Supp. 22-3609(2).

Kirkley filed a motion to reinstate his appeal in district court because his appeal was timely filed but not perfected due to confusion on the part of defense counsel concerning how the appeal bond should be prepared. He also filed the appeal bond with the district court. The district court held the decision to retain jurisdiction was not discretionary and that it did not have jurisdiction to reinstate the appeal.

The existence of jurisdiction is a question of law over which this court's scope of review is unlimited. *Cypress Media, Inc. v. City of Overland Park,* 268 Kan. 407, 414, 997 P.2d 681 (2000). Likewise, the interpretation of a statute is a question of law over which this court has unlimited review. *Hamilton v. State Farm Fire & Cas. Co.,* 263 Kan. 875, 879, 953 P.2d 1027 (1998).

K.S.A. 12-4602 provides in relevant part: "An appeal to the district court may be taken as provided in K.S.A. 22-3609. The appearance bond may continue in effect throughout the appeal; however, the municipal judge may require *a separate appeal bond.*" (Emphasis added.)

K.S.A. 1999 Supp. 22-3609(2) provides:

"An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court. No appeal shall be taken more than 10 days after the date of the judgment appealed from."

Kirkley contends the district court erred in dismissing his case for lack of jurisdiction, arguing the filing of an appeal bond is not jurisdictional under *City of Salina v. Aldridge,* 14 Kan. App. 2d 108, 110, 782 P.2d 1257 (1989).

Aldridge was convicted of petty theft in municipal court, and the municipal court set an "appeal bond" on the day he filed his notice of appeal. The district court dismissed the appeal for lack of jurisdiction because the bond was not filed within 10 days of judgment.

On appeal, the city relied upon *City of Overland Park v. Barron,* 234 Kan. 522, 526, 672 P.2d 1100 (1983), which held the failure to comply with the provisions of K.S.A. 22-3609 deprives the district court of jurisdiction. 14 Kan. App. 2d at 109. The *Aldridge* court noted that *Barron* dealt primarily with the late filing of a notice of appeal and did not focus on the specific issue of appearance bonds.

This court differentiated between an *appearance bond* under K.S.A. 1999 Supp. 22-3609(2) and an *appeal bond* under K.S.A. 12-4602. Although we observed that the parties called the bond an "appearance bond" at oral argument, and that it contained a promise to appear, we found the bond was an "appeal bond" under K.S.A. 12-4602. It was called an appeal bond by the municipal court; the bond form was titled "Appeal Undertaking"; and the bond was referred to as an appeal bond throughout the record. 14 Kan. App. 2d at 108. We recognized that 22-3609 does not require an appeal bond as part of the 10-day filing scenario and concluded: "The filing of an appeal bond within ten days is not a jurisdictional requirement." 14 Kan. App. 2d at 110. We now observe that the *Aldridge* holding was further supported by the statutory construction maxim *expressio unius est exclusio alterius, i.e.,* the inclusion of one thing implies the exclusion of another. In short, if the legislature had intended the filing of an appeal bond within 10 days to be jurisdictional, it could have mentioned the appeal bond in 22-3609(2) alongside the notice of appeal and the appearance bond.

Here, the city argues that the bond was an appearance bond that must be filed within 10 days to secure jurisdiction because it was set to assure Kirkley's appearance in district court, and the district court's journal entry does not identify which type of bond was not timely filed. We disagree.

The record shows us the title of the municipal court's order for the bond was "Order for Appeal Bond." The bond itself is titled

"Appeal Bond," and the district court repeatedly refers to the bond as an appeal bond in its correspondence with the attorneys. Under *Aldridge*, the filing of an appeal bond within 10 days is not jurisdictional.

Reversed and remanded for reinstatement of the appeal and further proceedings thereon.