NOT DESIGNATED FOR PUBLICATION

No. 116,392

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DUSTIN J. MERRYFIELD,
*Appellant*,

and

RICHARD A. QUILLEN,
*Petitioner*,

v.

KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed March 24, 2017. Reversed and remanded with directions.

*Dustin J. Merryfield*, appellant pro se.

*Jessica F. Conrow*, of Kansas Department for Aging and Disability Services, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*:  The Pawnee County District Court improperly entered judgment against Plaintiff Dustin J. Merryfield in this civil action when it ruled without a motion from Defendant Tim Keck, the Secretary of the Kansas Department on Aging and Disability Services, and without giving Merryfield an opportunity to be heard on the contemplated legal bases for the ruling. We, therefore, reverse and remand with directions that the district court reinstate Merryfield's petition for further proceedings.

1

Merryfield has been adjudicated a sexually violent predator and is now detained in a treatment program housed on the grounds of Larned State Hospital. In March 2016, Merryfield drafted and filed a petition under Chapter 60 seeking temporary and permanent injunctive relief to block implementation of two policies affecting participants in the treatment program. Merryfield alleged the policies would interfere with his constitutionally protected rights, although the precise cause of action is difficult to discern from the petition. We would infer the claim to be brought under 42 U.S.C. § 1983 for impairment of constitutionally protected liberty interests or property rights without due process. The action was not one for habeas corpus relief under K.S.A. 60-1501. Richard A. Quillen joined as a plaintiff in the district court, but he has not pursued an appeal.

Secretary Keck, through counsel for the Department, filed an answer to the petition that denied liability and requested judgment in his favor. The answer responded to the allegations of the petition as required under K.S.A. 2016 Supp. 60-208(b). But the answer asserted neither affirmative defenses nor preserved defenses enumerated in K.S.A. 2012 Supp. 60-212(b) and instead included a lengthy and procedurally improper narrative argument as to why injunctive relief would be unwarranted. See K.S.A. 2016 Supp. 60-208(b)(1) (party answering pleading must "[s]tate in short and plain terms [his or her] defenses to each claim asserted . . . and . . . admit or deny the allegations asserted against [him or her] by an opposing party").

Secretary Keck filed no dispositive motions under K.S.A. 2016 Supp. 60-212(b) or for summary judgment as provided in K.S.A. 2016 Supp. 60-256. Without a pending motion from Secretary Keck—or (obviously) a response from Merryfield—the district court entered a memorandum decision and order on July 29, 2016, dismissing the action with prejudice on the grounds that Merryfield had failed to exhaust administrative remedies, an omission it treated as barring subject matter jurisdiction. The district court

also suggested Merryfield had failed to establish a basis for injunctive relief. The district court's memorandum decision does not identify just what it considered in arriving at that conclusion. Merryfield has timely appealed.

We reverse and remand because a district court should not unilaterally dismiss a civil action without first giving the adversely affected party notice and an opportunity to respond. To do otherwise, as the district court did here, undermines basic fairness. *Cf. Kansas East Conf. of the United Methodist Church v. Bethany Med. Ctr.*, 266 Kan. 366, 381-82, 969 P.2d 859 (1998) (denial of due process for district court to enter permanent injunction without notice to parties and opportunity to be heard). In exceedingly rare instances, a court could act on its own to strike pleadings that are frivolous, abusive, or scurrilous. But even then, the district court should be cautious in doing so without some form of notice. See K.S.A. 2016 Supp. 60-211(c) (district court may impose sanctions upon notice and opportunity to be heard if party files pleading for improper purpose or without factual or legal basis); K.S.A. 2016 Supp. 60-212(f) (district court may strike from pleadings "any redundant, immaterial, impertinent or scandalous matter").

Here, the district court addressed what it perceived to be a substantive legal deficiency in Merryfield's case—the failure to exhaust administrative remedies, resulting in a lack of subject matter jurisdiction. The district court should have invited the parties to comment on the issue before ruling. We question whether the failure to exhaust administrative remedies, as mandated in K.S.A. 2015 Supp. 59-29a24a(a), deprives a district court of subject matter jurisdiction over a sexually violent predator's Chapter 60 action. See *Chelf v. State*, 46 Kan. App. 2d 522, 530-33, 263 P.3d 852 (2011) (discussing when exhaustion requirements are jurisdictional). But the answer to the jurisdictional question is ultimately beside the point.

Even if exhaustion were a jurisdictional prerequisite, the district court could not simply raise and decide the issue without notice to the parties and an opportunity for

them to be heard. To be sure, a district court has an obligation to question subject matter jurisdiction even when the parties have not. *Ryser v. State*, 295 Kan. 452, 456, 284 P.3d 337 (2012). But that does give the district court license to decide the issue without input from the parties. To the contrary, a court should afford the parties—particularly the one about to be deprived of a judicial forum for relief—the opportunity to present legal authority and, if necessary, evidence on the issue. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) ("A court can evaluate its jurisdiction without an evidentiary hearing 'so long as the court has afforded [the parties] notice and a fair opportunity to be heard.'" [quoting *Tanzymore v. Bethlehem Steel Corporation*, 457 F.2d 1320, 1323-24 (3d Cir. 1972)]); *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (appellate court holds district judge erred in dismissing action because it "did not afford the parties a full and fair opportunity to litigate the question of subject-matter jurisdiction"; error treated as harmless because parties then fully argued issue on a motion to alter or amend judgment); *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981) (When considering dismissal for lack of subject matter jurisdiction, "the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss."). The United States Court of Appeals for the Fifth Circuit addressed the issue under the federal rule comparable to K.S.A. 2016 Supp. 60-212(b)(1): "When considering [a] Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court must give the plaintiff an opportunity to be heard, particularly when disputed factual issues are important to the motion's outcome." *In re Eckstein Marine Service L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012). The court added that "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." 672 F.3d at 619-20.

The Kansas Supreme Court routinely invites supplemental briefing from the parties when it has recognized a possible lack of subject matter jurisdiction. See *Ryser*, 295 Kan. at 456-57 (court requests supplemental briefs on subject matter jurisdiction);

4

*Funk Mfg. Co. v. Franklin*, 261 Kan. 91, 94-95, 927 P.2d 944 (1996) (same). We see nothing in K.S.A. 2015 Supp. 59-29a24a(b)(2) that dispenses with a requirement for notice and an opportunity to be heard when a district court believes a civil action filed by a sexually violent predator fails to state a claim or might otherwise be subject to dismissal.

The district court's alternative ground for dismissing the petition—Merryfield has not shown a right to injunctive relief—also is procedurally infirm. First, if the district court lacked subject matter jurisdiction, it could decide no more than that precisely because it had no jurisdiction, and any other rulings by a court without jurisdiction have no legal force. See *In re Estate of Heiman*, 44 Kan. App. 2d 764, 766, 241 P.3d 161 (2010) (decisions of court without subject matter jurisdiction "have no legal force or effect"); *In re T.A.B.*, No. 113,609, 2015 WL 8590161, at *1 (Kan. App. 2015) (unpublished opinion) ("A court without subject matter jurisdiction has the authority to decide only its lack of authority to decide anything else.").

Putting that problem aside, the district court should not have ruled on some hypothetical motion to dismiss for failure to state a claim under K.S.A. 2016 Supp. 60-212(b)(6) or for summary judgment under K.S.A. 2016 Supp. 60-256 without first giving the parties notice and an opportunity to be heard. Even having done so, a district court then dismissing an action for failure to state a claim should give the plaintiff a chance to amend his or her petition to cure the deficiencies unless an insuperable legal bar appears on the face of the pleading. See *Dutoit v. Board of Johnson County Comm'rs*, 233 Kan. 995, 1002-03, 667 P.2d 879 (1983); *Yagman v. Garcetti*, ___ F.3d ___, 2017 WL 242562, at *5 (9th Cir. 2017) ("A district court ordinarily must grant leave to amend when it dismisses claims under Rule 12[b][6]" unless the deficiency could not be eliminated through the pleading of additional facts.); *Frey v. City of Herculaneum*, 44 F.3d 667, 671-72 (8th Cir. 1995) (same, applying Fed. R. Civ. P. 12[b][6]); Wright, Miller & Kane, 5B Fed. Prac. & Pro. Civ. § 1357 (3d ed. 2010) ("[T]he cases make it clear that leave to

5

amend the complaint [in the face of a motion to dismiss] should be refused only if it appears to a certainty that the plaintiff cannot state a claim."). Merryfield was not given that chance. If the district court effectively granted summary judgment, it neither had the parties identify uncontroverted facts nor made findings of fact and conclusions of law. See Supreme Court Rule 141 (2017 Kan. S. Ct. R. 204). Without an identification of disputed and undisputed facts, we have no sound basis to review the ruling as one granting summary judgment. See *Sperry v. McKune*, 305 Kan. 469, 384 P.3d 1003, 1017 (2016). Accordingly, the district court's alternative ruling also requires reversal and remand.

We, therefore, reverse the judgment entered against Merryfield and remand with directions that his petition be reinstated for further proceedings consistent with this opinion.