NOT DESIGNATED FOR PUBLICATION

No. 118,732

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF GARDEN CITY,
*Appellee*,

v.

JORDAN CHAPMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed February 1, 2019. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*James R. Dummermuth*, city prosecutor, for appellee.

Before ATCHESON, P.J., MALONE and LEBEN, JJ.

PER CURIAM: Jordan Chapman appeals the district court's dismissal of his case for lack of jurisdiction. Before the dismissal, in municipal court, Chapman pled guilty to driving under the influence (DUI) with a commercial vehicle and a truck route violation. Chapman timely filed his notice of appeal to district court, but he failed to post an appearance bond, as required by the municipal court. The district court found that the timely posting of the appearance bond was a jurisdictional requirement, so it dismissed Chapman's case for lack of jurisdiction.

On appeal to this court, Chapman argues that this dismissal violated his constitutional right to a jury trial. But the right to appeal is entirely statutory, and an appearance bond is a statutory and jurisdictional requirement to appeal from municipal court to district court. And Chapman has no constitutional right to a jury trial anyway because he was charged with petty offenses carrying jail terms of no more than six months. For these reasons, explained more fully below, we affirm the district court's decision to dismiss Chapman's case.

FACTS

On December 16, 2016, in Garden City, Kansas, Chapman was arrested for DUI and for a truck route violation. A truck route violation is committed by not following traffic signs directing the proper routes for commercial vehicles to travel. On that same day, the City of Garden City, Kansas (the City), charged Chapman with DUI, first offense, in violation of Garden City Ordinance § 86-2(30)A (September 2016), and with a truck route violation, in violation of Garden City Ordinance § 86-5. The City later amended the DUI charge to DUI while operating a commercial vehicle, in violation of Garden City Ordinance § 86-2(30.1).

The City and Chapman reached a plea agreement, in which Chapman pled guilty to both charges, in order for him to have a jury trial in district court. On September 7, 2017, the municipal court gave Chapman a suspended 150-day jail sentence, of which Chapman was ordered to serve 2 days in jail. The municipal court also placed Chapman on one year of probation with the condition that he complete an alcohol abuse assessment and follow any recommendations. In addition, the municipal court imposed a $1,000 fine for the DUI offense and a $40 fine for the truck route violation. Finally, the municipal court set an appearance bond of $1,165 to secure Chapman's presence in district court.

On September 19, 2017, Chapman filed his notice of appeal in district court. Chapman failed to file the municipal court appearance bond. He also failed to file any motion in district court to modify or challenge the appearance bond.

The City moved to dismiss the appeal because of a jurisdictional defect. The City pointed out that Chapman had not posted his appearance bond within the 14-day statutory timeframe. Based on that, the City argued that the district court lacked jurisdiction to hear the case and that none of the jurisdictional exceptions applied. In answer, Chapman admitted that he failed to post an appearance bond before the 14-day deadline expired, but he still contended that his constitutional right to a jury trial overcame any procedural defects with his appeal.

On November 28, 2017, the district court held a hearing on the motion to dismiss, where the parties argued from their briefs. At the hearing, Chapman's counsel asserted that Chapman "couldn't find a bondsman who would post [the appearance bond] and didn't realize it would end up resulting in his appeal being dismissed." At the end of the hearing, the district court found that it was without jurisdiction to hear the case:

> "I am going to find that the statute requires a timely filing of a notice of appeal and posting of an appeal bond within 14 days of the filing of a journal entry to perfect an appeal from a municipal court conviction in order to invoke district court jurisdiction. None of the statutory exceptions to that requirements [*sic*] for perfection of an appeal are present in this case. There was no request for modification of the appeal bond within the 14 days or at any time, and I am going to find that the City's Motion should be and hereby is granted and that the defendant's appeal of his convictions in this case is hereby dismissed."

The district court granted the City's motion and dismissed the case. Chapman now appeals to this court.

3

ANALYSIS

On appeal, Chapman claims the district court's dismissal of his case because of his failure to file an appearance bond violated his constitutional right to a jury trial. Chapman admits that he failed to post an appearance bond before the 14-day statutory deadline, but he contends that his constitutional right to a jury trial overcomes any procedural defects with his appeal from municipal court. To support his position, Chapman relies on cases which he claims stand for the general proposition that an individual cannot lose his or her constitutionally protected right to a jury trial due to the failure to comply with technical portions of a procedural statute.

The City argues that Chapman's failure to post the municipal appearance bond is a jurisdictional defect that deprived the district court of subject matter jurisdiction to hear the case. In the alternative, the City argues that Chapman has no constitutional right to a jury trial in this instance because he was charged with petty offenses carrying jail terms of no more than six months.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Likewise, interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to some exceptions not applicable here, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Smith*, 304 Kan. at 919. K.S.A. 2017 Supp. 22-3609 governs appeals from municipal courts and provides in part:

4

"(a) The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas . . . .

"(b) An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. . . . No appeal shall be filed until after the sentence has been imposed. No appeal shall be taken more than 14 days after the date the sentence is imposed."

K.S.A. 2017 Supp. 22-3609(b) requires the defendant to file a notice of appeal and any appearance bond required by the municipal court no more than 14 days after the date the sentence is imposed. The Kansas Supreme Court has held that to perfect an appeal to district court from municipal court, these statutory provisions "must be complied with and failure to do so is a jurisdictional defect which deprives the district court of jurisdiction to proceed with the appeal." *City of Overland Park v. Barron*, 234 Kan. 522, Syl. ¶ 2, 672 P.2d 1100 (1983). The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015), *rev. denied* 303 Kan. 1078 (2016). We have no indication that our Supreme Court is departing from its holding in *Barron*.

Here, the municipal court required an appearance bond in addition to the notice of appeal. While Chapman filed his notice of appeal within the 14-day limit, he failed to file any appearance bond at all, much less within 14 days of the imposition of his sentence. Chapman also failed to file any motion in district court to challenge or modify the amount of his appearance bond. As noted, Chapman's failure to post the appearance bond required by statute constitutes a jurisdictional defect. *Barron*, 234 Kan. 522, Syl. ¶ 2.

Chapman recognizes the holding in *Barron* but argues that his constitutional right to a jury trial overcomes any procedural defects with his appeal from municipal court.

5

This court has seen Chapman's constitutional argument before, and each time this court has found the argument meritless. In each case, this court held that the defendant was jurisdictionally barred from district court because of a failure to comply with K.S.A. 2017 Supp. 22-3609, specifically failing to post some portion of the appearance bond within 14 days of sentencing. *City of Newton v. Waldschmidt*, No. 113,224, 2016 WL 299089, at *5 (Kan. App. 2016) (unpublished opinion); *City of Salina v. Cooper*, No. 112,320, 2015 WL 5009997, at *3 (Kan. App. 2015) (unpublished opinion); *City of Dodge City v. Olivas*, No. 109,782, 2014 WL 2224686, at *3 (Kan. App. 2014) (unpublished opinion).

In *Olivas*, the defendant was charged with his second DUI, refusal to take an evidentiary breath test, refusal to take a preliminary breath test (PBT), disobeying a stop sign, and an illegal vehicle tag. The defendant pled guilty as charged in municipal court and tried to appeal to the district court. The municipal court required a $3,030.50 cash appearance bond, which the defendant failed to pay. When the City moved to dismiss the appeal, the defendant argued that the amount of the appearance bond was excessive, thereby effectively depriving him of his right to a jury trial. The district court agreed with the defendant that the amount of the appearance bond was excessive. But the district court went on to find that the defendant's failure to try to comply with the statute by posting any lesser amount of the appearance bond precluded an appeal for lack of jurisdiction. Because the defendant failed to post his bond and failed to contest the excessiveness of the bond within the 14-day timeframe, this court found that the district court correctly dismissed the appeal. 2014 WL 2224686, at *2-3.

In *Cooper*, the defendant was charged with a second DUI, failure to submit to a PBT, failure to provide proof of insurance, failure to stop, operating a vehicle without two working taillights, disturbing the peace, and refusal of an alcohol test when previously convicted of DUI. The defendant pled guilty to all counts in municipal court. The defendant timely filed his notice of appeal in district court, but he failed to pay the over $3,000 appearance bond and failed to contest the bond before the 14-day time limit

6

passed. The district court dismissed the case. On appeal to this court, the defendant argued that he was financially unable to pay the bond and that the dismissal of the case violated his constitutional right to a jury trial. For the same jurisdictional reasons in *Olivas*, mainly the failure to timely contest the amount of the bond in district court, this court affirmed the dismissal for lack of jurisdiction. 2015 WL 5009997, at *1-3.

In *Waldschmidt*, the defendant pled guilty in municipal court to DUI, refusing a chemical test, refusing a PBT, and violating an ordinance concerning horns and warning devices. The defendant timely filed his notice of appeal to district court, but he failed to pay the appearance bond required by the municipal court within 14 days of sentencing. After the City moved to dismiss the appeal for lack of subject matter jurisdiction, the defendant argued that failure to pay the bond was not his fault because he had contacted a bail bondsman to take care of the appearance bond, but the bondsman never did so. The district court dismissed the case. On appeal to this court, the defendant argued that the dismissal violated his constitutional right to a jury trial, but this court ultimately affirmed, applying the analysis of *Cooper* and *Olivas*. 2016 WL 299089, at *1-4.

Chapman acknowledges that *Waldschmidt*, *Cooper*, and *Olivas* hurt his argument, but he insists two other Kansas Court of Appeals cases are more on point: *State v. Johnson*, 46 Kan. App. 2d 387, 264 P.3d 1018 (2011), and *State v. Jones*, 19 Kan. App. 2d 982, 879 P.2d 1141 (1994). In *Johnson*, the relevant issue involved whether the defendant could waive his right to a jury trial when the judge never advised him of that right. This court held that the defendant could not, which resulted in a constitutional, reversible error. 46 Kan. App. 2d at 398-400. In *Jones*, the key issue was whether failure to demand a jury trial within seven days, as required by statute for misdemeanor and traffic offenses, unlawfully deprived the defendant of his constitutional right to a jury trial. This court held that to waive a right to a jury trial, the defendant must first be advised by the court of his or her right to a jury trial, and the defendant must personally

7

waive that right in writing or in open court, regardless of whether the defendant requested the jury trial within seven days as required by statute. 19 Kan. App. 2d at 983-84.

Chapman claims these cases "clearly establish[] that an individual cannot lose [his or her] constitutionally protected right to a jury trial due to their failure to comply with technical portions of a procedural statute." But *Johnson* and *Jones* are distinguishable from Chapman's case. Both cases involved the requirement for a defendant to waive his or her constitutional right to a jury trial, with the court finding in each case that the defendant can waive the right only in writing or in open court after being personally advised of the right by the judge. *Johnson* and *Jones* do not address K.S.A. 2017 Supp. 22-3609, and subject matter jurisdiction was not at issue in either case. As a result, Chapman's reliance on those cases is misplaced.

Here, it is undisputed that Chapman failed to file any portion of the appearance bond within 14 days of sentencing and that he failed to contest the bond amount within that time. In dismissing the case, the district court expressly noted that Chapman made no request for modification of the appearance bond within the 14 days or at any time. Based on our Supreme Court's holding in *Barron*, we conclude that Chapman's failure to timely file the appearance bond resulted in a jurisdictional defect that deprived the district court of subject matter jurisdiction to hear the case, even assuming that Chapman had a constitutional right to a jury trial in the first place.

*Constitutional right to jury trial*

The City also argues that Chapman has no constitutional right to a jury trial in this instance because he was charged with petty offenses carrying jail terms of no more than six months. Resolution of this issue requires constitutional interpretation which is a question of law subject to unlimited review. *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 629, 176 P.3d 938 (2008).

8

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Yet the constitutional right to a jury trial exists for serious offenses but usually not for petty offenses. That is, the jury-trial right exists when the punishment for an offense is more than six months' imprisonment, a serious offense. A petty offense generally means that punishment is no more than six months' imprisonment. *Baldwin v. New York*, 399 U.S. 66, 69, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970); *State v. Woolverton*, 52 Kan. App. 2d 700, 702, 371 P.3d 941 (2016). And an aggregation of sentences from several offenses which surpass six months in total, each of which separately mandate six months or less imprisonment, will not suffice to establish the right to a jury trial. *Lewis v. United States*, 518 U.S. 322, 330, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996); *Woolverton*, 52 Kan. App. 2d at 702.

But courts merely presume that a defendant is not entitled to a jury trial when the maximum punishment is six months' imprisonment. That presumption can be rebutted when an offense carries extra penalties, in addition to imprisonment, transforming a petty offense into a serious offense, which then grants the defendant the jury-trial right. *Blanton v. North Las Vegas*, 489 U.S. 538, 543, 109 S. Ct. 1289, 103 L. Ed. 2d 550 (1989); *Woolverton*, 52 Kan. App. 2d at 702. To determine whether the presumption is rebutted, courts consider whether the extra penalties are severe enough to show that the offense was meant to be a serious one. *Blanton*, 489 U.S. at 543.

In *Blanton*, along with maximum six-month jail sentences, the defendants convicted of DUI had to pay a maximum fine of $1,000, automatically lost their driver's license for 90 days, and had to attend and pay for an alcohol abuse course. 489 U.S. at 539-40. The United States Supreme Court held that these additional consequences did not turn the otherwise petty offense into a serious one. 489 U.S. at 543-45. Similarly, in *United States v. Nachtigal*, 507 U.S. 1, 5, 113 S. Ct. 1072, 122 L. Ed. 2d 374 (1993), a

9

defendant convicted of DUI faced up to $5,000 in fines, up to six months in prison, or, as an alternative to prison, up to five years on probation. Despite the substantial fines and the long term of probation, the Court held that the offense was a petty offense because a fine and probation cannot match the intrusiveness of incarceration. 507 U.S. at 5.

In addition to the United States Supreme Court's cases, this court has made a similar finding. In *Woolverton*, the defendant was convicted of a misdemeanor domestic violence offense, which carried six months as its maximum term of imprisonment. As for other penalties, the defendant could be ordered to pay fines of up to $500; ordered to undergo a domestic violence assessment, paid for by the defendant; ordered to follow the assessment's recommendations; and ordered to serve two years of probation, instead of a jail sentence. Despite the additional penalties, this court found the offense to be petty for purposes of jury-trial rights. 52 Kan. App. 2d at 703-04.

Here, under the ordinances for which Chapman was charged he faced no more than six months' imprisonment, even with aggregation, so we presume he has no constitutional jury-trial right. And under these facts, that presumption is not rebutted because Chapman's additional penalties are much less severe than those in *Woolverton*. For his DUI conviction, the municipal court placed Chapman on probation for one year with the condition that he complete an alcohol abuse assessment and follow any recommendations. Chapman was fined the maximum amount allowed by the ordinance, $1,000. For his truck route violation, Chapman was fined the maximum of $40. These additional penalties did not transform either of the charges from a petty offense to a serious offense entitling Chapman to a jury trial under the Constitution. Because Chapman has no constitutional right to a jury trial, he cannot complain about the deprivation of a right he is not even afforded.

Affirmed.

10