(133 P.3d 159)

No. 94,161

CITY OF DODGE CITY, *Appellee,* v. RAUL IBARRA, *Appellant.*

Opinion filed May 5, 2006.

*Laura H. Lewis* and *Leslie A. Hess,* of Dodge City, for appellant.

*Terry J. Malone,* city attorney, of Williams, Strobel, Malone & Ralph, P.A., of Dodge City, for appellee.

Before RULON, C.J., MARQUARDT and HILL, JJ.

MARQUARDT, J.: Raul Ibarra appeals the district court's dismissal of his appeal from municipal court. We affirm in part, reverse in part, and remand with directions.

In April 2004, Officer Chris Whelchel stopped Ibarra because he believed that Ibarra was driving while under the influence of alcohol (DUI). Officer Whelchel had difficulty communicating with Ibarra, who said that he did not speak much English. There were several times, such as during the instruction phase of the field sobriety testing, that Ibarra did not seem to fully understand the instructions.

Ibarra was placed under arrest and transported to the police station for additional testing. Officer Whelchel testified that he presented Ibarra with the implied consent advisory prior to obtaining a breath sample. Officer Whelchel testified that he did not have "any concerns" about whether Ibarra understood the entire implied consent advisory.

After the breath sample was obtained, Officer Whelchel told Ibarra that he was free to obtain a blood test from the hospital at his own expense. Officer Whelchel testified that Ibarra nodded his head in the affirmative, indicating that he wanted the blood test. However, Officer Whelchel did not believe Ibarra understood what was being said. Officer Whelchel did not transport Ibarra to the hospital; instead, he was taken to the jail. The record on appeal does not show that Ibarra asked about the blood test again.

Ibarra was charged in municipal court with one count of DUI, one count of failure to yield, and one count of driving on the left side of the roadway. He was convicted on all three counts by the municipal court. After sentencing, the municipal court ordered a $750 own recognizance (OR) appearance bond. Ibarra filed a timely notice of appeal to the district court; however, Ibarra did not sign the appearance bond document and never paid any money to the district court.

Prior to trial, Dodge City (City) filed a motion to dismiss, claiming that Ibarra's appeal should be dismissed for lack of jurisdiction. The City contended that Ibarra's failure to file his appearance bond meant the district court did not have jurisdiction to consider the appeal. The district court issued an order to show cause to Ibarra as to why his appeal should be retained. Ibarra's counsel responded and admitted that she never filed an appearance bond because she

thought since it was an OR bond, Ibarra's appearances at all district court proceedings would be sufficient to maintain the appeal.

The district court ruled that since Ibarra did not sign the journal entry of conviction and did not submit a separate appearance bond, it did not have jurisdiction to consider the merits of his appeal and dismissed it. Ibarra timely appeals.

Ibarra's counsel acknowledges that she did not file an appearance bond when Ibarra appealed to the district court. However, Ibarra claims that he understood the terms of his OR bond, and that his appeal was perfected by filing a timely notice of appeal.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005). If the district court lacked jurisdiction to enter an order, an appellate court does not acquire jurisdiction over the subject matter on appeal. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004).

Appellate procedure in municipal court is governed by K.S.A. 2005 Supp. 22-3609. K.S.A. 2005 Supp. 22-3609(2) reads, in relevant part:

"An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. . . . No appeal shall be taken more than 10 days after the date of the judgment appealed from."

K.S.A. 22-2814 through K.S.A. 22-2817 regulate the issuance and performance of appearance bonds. The statutes regulating appearance bonds do not require a defendant to personally sign a journal entry.

We agree with the district court that Ibarra's failure to personally sign the journal entry or OR bond meant that he was not personally required to appear in district court at future proceedings. A defendant who is ordered in municipal court to execute an appearance bond must personally sign the bond for it to be effective.

Ibarra's failure to sign his OR bond supports the district court's decision regarding the court not having jurisdiction in this case. To perfect an appeal from municipal court, a convicted defendant

must file a notice of appeal and an appearance bond. *City of Overland Park v. Barron,* 234 Kan. 522, 526, 672 P.2d 1100 (1983).

On appeal, Ibarra's counsel acknowledges her mistake and asks this court to apply *State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982), to this case and find that the principle of fundamental fairness requires the appeal to proceed even in light of counsel's mistake.

In *Ortiz,* the Kansas Supreme Court adopted an exception to jurisdictional appeal requirements. In the interest of fundamental fairness, an exception to jurisdictional requirements may be imposed in cases where the defendant was not informed of his or her right to appeal, was not furnished with an attorney to exercise those rights, or had counsel who failed to perfect and complete the appeal. 230 Kan. 733, Syl. ¶ 3.

In the instant case, the district court ruled that *Ortiz* does not apply because it "did not address the issue in the present matter." On appeal, the City urges this court to avoid using the *Ortiz* exception, noting the differences between a new de novo proceeding in district court and the type of review normally performed by the appellate courts.

The matter currently before the court presents a dilemma, as there is no case law in either Kansas or other jurisdictions that would guide our decision. However, after reviewing trial counsel's affidavit and the arguments of both parties, we believe the *Ortiz* exception should be applied. Ibarra's counsel freely acknowledged that the lack of jurisdiction was due only to her mistake. Although the technicalities of an appeal to this court differ from a de novo review by the district court, we believe that fundamental fairness required the district court to apply the *Ortiz* exception.

The district court erred by refusing to accept jurisdiction. We reverse the district court's dismissal of Ibarra's case and remand it for a hearing based on Ibarra's original notice of appeal.

Before the case was dismissed by the district court, Ibarra filed a motion to suppress evidence. Ibarra argued that he requested a blood test but was denied; thus, his breath alcohol test results should be suppressed.

The district court held a hearing on Ibarra's motion. After hearing testimony and the arguments of counsel, the district court concluded that based on videotaped evidence, it did not appear that Ibarra knew he was requesting a blood test. The district court ruled that Ibarra's request was not clearly made, and his motion to suppress was denied.

On appeal, Ibarra directs this court to statutory authority which allows a suspect to request a blood test in a DUI case. He reiterates that he requested a blood test but was denied. He argues that the district court erred when it denied his motion to suppress.

When reviewing a motion to suppress evidence, the appellate court determines whether the factual underpinnings of the district court's decision are supported by substantial competent evidence. However, the ultimate legal conclusion drawn from those facts is a legal question requiring the appellate court to apply a de novo standard of review. The appellate court does not reweigh the evidence. *State v. Green*, 32 Kan. App. 2d 789, 792, 89 P.3d 940, *rev. denied* 278 Kan. 849 (2004).

The procedure which forms the basis of this appeal is found at K.S.A. 2005 Supp. 8-1001(f)(I). It is part of the informed consent advisory language which must be read to the suspect prior to the administration of a breath test. It reads:

"[A]fter the completion of the testing, the person has the right to consult with an attorney and may secure additional testing, which, if desired, should be done as soon as possible and is customarily available from medical care facilities and physicians." K.S.A. 2005 Supp. 8-1001(f)(I).

The implied consent advisory in this case was read into the record, and it appears that Ibarra was given the statutory language.

In his appellate brief, Ibarra relies on *State v. George*, 12 Kan. App. 2d 649, 754 P.2d 460 (1988). In *George*, the defendant requested an independent blood test, which the officer on duty refused to allow. After reviewing the case, the panel concluded that coupled with the suspect's right to a blood test is a corresponding duty on the part of law enforcement officers not to deny the suspect that right. Law enforcement officers must provide a "reasonable opportunity" to obtain additional testing. 12 Kan. App. 2d at 653.

The panel concluded that any evidence which was introduced even though the suspect was denied his right to a blood test was "not competent" and thus inadmissible. 12 Kan. App. 2d at 652, 655. See K.S.A. 8-1004.

The circumstances in *George* differ greatly from Ibarra's. In *George*, the suspect clearly requested an independent blood test. In the instant case, Officer Whelchel testified that he did not believe Ibarra understood the question about submitting to a blood test.

Through an interpreter, Ibarra testified at the suppression hearing that he wanted to go to the hospital. However, the transcript shows that Ibarra speaks very little English. A videotape which is contained in the record on appeal that was viewed by the district court supports this observation.

When making findings of fact, the district court essentially chose to believe Officer Whelchel's testimony regarding Ibarra's understanding of English. The fact that the district court believed Officer Whelchel is not a matter this court can review. See *State ex rel. Morrison v. Oshman Sporting Goods Co. Kansas*, 275 Kan. 763, 775, 69 P.3d 1087 (2003). In addition, the record on appeal supports the district court's conclusion regarding Ibarra's comprehension of the questions posed by Officer Whelchel.

We are not prepared to find that the district court erred by denying Ibarra's motion to suppress. We believe there was sufficient evidence to support the district court's conclusion, and this court will not substitute its judgment for that of the district court.

The trial court's denial of Ibarra's motion to suppress is affirmed. We reverse the municipal appeal dismissal and remand this case to the district court with directions consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.